UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC SERVICES,

                                          Plaintiffs,

-against-

UNITED HEALTH CARE, ANCILLARY CARE MANAGEMENT, and THE CINTAS CORPORATION HEALTH PLAN,

                                          Defendants.
----------------------------------------------------------------X

Civil Action No.:

07 CIV 5941

JUDGE SWAIN

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

       The defendant herein, United HealthCare Insurance Co. ("UHI"), incorrectly sued as United Health Care, by its attorneys, Sedgwick, Detert Moran & Arnold LLP, respectfully represent as follows:

       1.     On or about May 3, 2007, Plaintiff, CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC SERVICES, commenced an action against UHI, in the Supreme Court of the State of New York, County of New York, New York. The suit is identified in the Supreme Court of the State of New York as *Caremark, Inc., d/b/a Caremark Therapeutic Services v. United Health Care, Ancillary Care Management, and The Cintas Corporation Health Plan*, Index No. 601552/07.

       2.     The Summons and Verified Complaint (the "Complaint") is the initial pleading setting forth the claim for relief upon which this action is based. UHI first received a copy of the Summons and Verified Complaint on or about May 24, 2007. A copy of the Summons and Complaint has been attached as Exhibit "A."

       3.     The filing of this petition for removal is timely because it is within thirty (30) days of the date the defendant UHI first received notice of this lawsuit.

4. Upon information and belief, defendants ANCILLARY CARE MANAGEMENT ("ANCILLARY") and THE CINTAS CORPORATION HEALTH PLAN ("CINTAS") have not been served with the Summons and Verified Complaint. Notwithstanding, CINTAS's counsel has been contacted and consents to the removal of this matter to federal court. Counsel for ANCILLARY has not been identified, and therefore, it is impossible to obtain ANCILLARY's consent before UHI's time to remove expires.

5. The plaintiff's Complaint seeks certain medical benefits relating to the care and treatment of Allen Everett, under an employee welfare benefit plan as defined in 29 U.S.C. §1002, in the total amount of One Hundred and Fifty-Nine Thousand One-Hundred and Twenty Dollars and Zero Cents ($159,120.00), and, therefore, the action is subject to removal on the ground that it arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq. See* Ex. A, ¶ 8.

6. Plaintiff's rights and remedies with respect to the claims set forth in the Complaint are governed exclusively by federal law and this Court has jurisdiction over this action pursuant to 28 U.S.C. §1441. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

7. Plaintiff's Complaint purports to set forth claims relating to an employee benefit plan sponsored by The Cintas Corporation and administered by UHI. Plaintiff's claims allege improper administration of benefits under the underlying ERISA plan. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §1441.

**WHEREFORE**, petitioner UHI, the defendant in this action described herein currently pending in the Supreme Court of the State of New York, County of New

NY/503393v1

York, Index No. 601552/07, prays that this action be removed therefrom to this Honorable Court.

Dated: New York, New York
       June 22, 2007

                                Yours, etc.

                                SEDGWICK, DETERT, MORAN & ARNOLD LLP

                          By: _____
                                Michael H. Bernstein (MB-0579)
                                *Attorneys for Defendant*
                                **UNITED HEALTHCARE INSURANCE CO.**
                                **i/s/a UNITED HEALTH CARE**
                                125 Broad Street - 39th Floor
                                New York, New York 10004-2400
                                (212) 422-0202

TO:    Abraham Wax, P.C.
         Attorney for Plaintiff
         750 Third Avenue
         New York, NY 10017
         (212) 922-9004

NY/503393v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **NOTICE OF NOTICE OF FILING OF NOTICE OF REMOVAL, NOTICE OF FILING OF NOTICE OF REMOVAL and NOTICE OF REMOVAL** on June 22, 2007, upon

        Abraham Wax, P.C.
        Attorney for Plaintiff
        750 Third Avenue
        New York, NY 10017
        (212) 922-9004

Dated: June 22, 2007

        _____
        Michael H. Bernstein (MB-0579)

NY/503393v1

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC SERVICES,

                            Plaintiff,

  -against-

UNITED HEALTH CARE, ANCILLARY CARE MANAGEMENT, and THE CINTAS CORPORATION HEALTH PLAN,

                            Defendants.
-------------------------------------------------------------X

INDEX NO. 601552/07

**SUMMONS**

To the above named defendant(s):

    YOU ARE HEREBY SUMMONED to answer the complaint in this action within the time provided by law as noted below and to serve a copy of your answer to the annexed complaint on the Attorney for the Plaintiff named below. Upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint together with the costs of this action.

Dated: New York, New York
       May 3, 2007

*[signature]*

ABRAHAM WAX, P.C.
Attorney for Plaintiff
750 Third Avenue
New York, NY 10017
(212) 922-9004

Note: The law provides that:

(a)   If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or

(b)   If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery within the City of New York, your are allowed THIRTY days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC SERVICES,

            Plaintiff,

  -against-

UNITED HEALTH CARE, ANCILLARY CARE MANAGEMENT, and THE CINTAS CORPORATION HEALTH PLAN,

            Defendants.
-------------------------------------------------------------X

INDEX NO. 601552/07

VERIFIED COMPLAINT

Plaintiff by the undersigned attorney alleges:

    1. DEFENDANTS are present in the State of New York or do business on a regular basis in the State of New York.

    2. PLAINTIFF is a corporation authorized to do business in the State of New York.

### FIRST CAUSE OF ACTION - BREACH OF CONTRACT

    3. On October 21, 2005, plaintiff provided treatment for Allen Everett, pursuant to an agreement made with Allen Everett, who agreed to pay for such services, or to provide insurance proceeds to the extent available.

    4. Prior to the date herein the defendants issued health insurance under policy No. 970248841, group No. 702497, covering the patient Allen Everett.

1

5. On October 21, 2005, the defendants verified to the plaintiff that the patient, Allen Everett, was covered under the insurance policy referred to in paragraph 4 above.

6. During the period set forth herein, and in reliance on defendants representation of coverage, the plaintiff rendered treatment to the patient.

7. Plaintiff sent to the defendants copies of the invoices and/or health claims covering all the services, supplies and equipment rendered by plaintiff to the patient. The defendants have acknowledged that they have received the invoices.

8. Plaintiff rendered the treatment, services and supplies and equipment in value in excess of the sum of $159,120.00, under its agreement with the patient, which sum was the agreed amount, and is the usual and customary value for said treatment, services, supplies and equipment. This treatment is covered under defendants' health insurance policy No. 970248841, group No. 702497.

9. Plaintiff has demanded payment of the sum due for the treatment, services, supplies and equipment rendered to the insured.

10. The defendants refused to pay the sum due, leaving a balance from the defendants in the sum of $159,120.00 over and above all payments made to date.

11. Plaintiff has been damaged in the sum of $159,120.00.

WHEREFORE, Plaintiff demands judgment against the defendants in the sum of $159,120.00, together with counsel fees, interest from October 21, 2005, and the costs and disbursements of this action.

Dated: New York, New York
      May 3, 2007

*/s/ A. Wax*
ABRAHAM WAX, P.C.
Attorney for Plaintiff
750 Third Avenue
New York, NY 10017
(212) 922-9004

3

STATE OF NEW YORK )
COUNTY OF NEW YORK ) SS:

Abraham Wax, being duly sworn, deposes and says that:

I am the attorney for the plaintiff herein and I am familiar with the facts. I have read the annexed complaint and know the contents thereof. The same are true to my knowledge, except those matters stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: DOCUMENTS IN DEPONENT'S FILE.

The reason I make this affidavit instead of the plaintiff, is that the plaintiff's office is not located in the county where deponent maintains his office.

_____
ABRAHAM WAX

Sworn to before me this
7 day of May, 2007

_____
Notary Public

MANUEL G. PARDO
Notary Public, State of New York
No. 01PA5044272
Qualified in Queens County
Commission Expires May 30, 2007

Case 1:07-cv-05941-LTS    Document 1    Filed 06/22/2007    Page 12 of 12