UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC SERVICES,

                       Plaintiffs,

-against-

UNITED HEALTH CARE, ANCILLARY CARE MANAGEMENT, and THE CINTAS CORPORATION HEALTH PLAN,

                       Defendants.
------------------------------------------------------------------------X

Civil Action No.:
07 Civ. 5941(LTS)(FM)

**UNITED HEALTHCARE INSURANCE COMPANY'S STATEMENT AS TO REMOVAL**

**DOCUMENT ELECTRONICALLY FILED**

      Pursuant to the Initial Conference Order of Hon. Laura Taylor Swain, U.S.D.J. dated June 28, 2007, the undersigned counsel of record for defendant, United HealthCare Insurance Company ("UHI"), incorrectly sued as United Health Care, states as follows:

      a. *A full explanation if all defendants who had been served at the time of removal did not join in the notice of removal.* UHI is not aware of any other defendant being served with a copy of the Summons and Complaint as of June 22, 2007, when UHI removed this action.

      b. *A full explanation if the notice of removal was dated more than thirty (30) days after the first defendant was served.* UHI received a copy of the Summons and Complaint on May 24, 2007 and timely removed this action on June 22, 2007. Plaintiff has asserted that it served UHI on May 22, 2007. According to the proof of service provided by Plaintiff, Plaintiff did not properly serve UHI. The address shown on the proof of service is not the address of UHI's registered agent for service in New York. Moreover, the person identified as the person served is not a registered agent for service of process and is not otherwise authorized by UHI to accept service of process on behalf of the corporation. In fact, UHI cannot identify the person

NY/504154v1

plaintiff purportedly served and has no record of even employing anyone known by the name provided on plaintiff's proof of service. Thus, plaintiff has not properly effected service on UHI.

        c. *If the action has been removed on grounds of diversity jurisdiction, a statement as to whether any of the defendants who had been served at the time of removal is a citizen of New York State.* UHI removed this action on federal question grounds pursuant to 28 U.S.C. §1331, because plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. UHI did not remove on diversity grounds because plaintiff did not allege sufficient information for UHI to determine whether such basis exists. Plaintiff alleges damages which exceed the jurisdictional minimum of $75,000. UHI is a citizen of Connecticut and is not a citizen of New York. Plaintiff, however, does not provide information concerning its own citizenship or the citizenship of co-defendants, Ancillary Care Management and the Cintas Corporation Health Plan. Upon information and belief, Cintas is a citizen of Ohio. UHI has no understanding of Ancillary Care Management's role in the case and therefore has no information concerning its citizenship. As a result, UHI is unable to remove on diversity of citizenship grounds pursuant to 28 U.S.C. §§1332 & 1441(b), because if any of the other co-defendants are citizens of New York, then the action is not removable on that basis. Accordingly, UHI reserves its rights to remove this action on diversity grounds upon its learning of the citizenships of the other defendants. Also, upon information and belief, plaintiff's claims arise out of events that occurred in the state of Arkansas. There is no known New York contact with the subject matter of this action and UHI reserves its right to challenge plaintiff's placement of venue in New York upon further investigation into the underlying facts.

    d. *If the action has been removed on the grounds of diversity jurisdiction, the citizenship of all named plaintiffs and all named defendants (including the citizenship of all members or partners in any non-corporate party), if such states of citizenship were not set forth in the notice of removal.* UHI has not removed this action on diversity of citizenship grounds. The Court is referred to UHI's response in the prior paragraph. UHI reserves its right to obtain federal court subject matter jurisdiction based upon diversity of citizenship.

Dated: New York, New York
    July 13, 2007

              Yours, etc.
              SEDGWICK, DETERT, MORAN & ARNOLD LLP

            By:    s/
               Michael H. Bernstein (MB-0579)
               John T. Seybert (JS-5014)
               *Attorneys for Defendant*
               **UNITED HEALTHCARE INSURANCE COMPANY i/s/a UNITED HEALTH CARE**
               125 Broad Street - 39th Floor
               New York, New York 10004-2400
               (212) 422-0202

TO: Abraham Wax, Esq.
   Abraham Wax, P.C.
   Attorney for Plaintiff
   750 Third Avenue
   New York, NY 10017
   (212) 922-9004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **STATEMENT AS TO REMOVAL** was served via ECF and regular mail on July 13, 2007, upon

>Abraham Wax, P.C.
>Attorney for Plaintiff
>750 Third Avenue
>New York, NY 10017
>(212) 922-9004

Dated: July 13, 2007

>                    s/
>Michael H. Bernstein (MB-0579)

NY/504154v1