UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC
SERVICES,

                                  Plaintiffs,

    -against-

UNITED HEALTH CARE, ANCILLARY CARE
MANAGEMENT, and THE CINTAS CORPORATION
HEALTH PLAN,

                                  Defendants.
------------------------------------------------------------------------X

Civil Action No.:
07 Civ. 5941 (LTS) (FM)

**UNITED HEALTHCARE INSURANCE COMPANY'S ANSWER TO COMPLAINT**

**DOCUMENT ELECTRONICALLY FILED**

Defendant, UNITED HEALTHCARE INSURANCE COMPANY ("UHI"), incorrectly sued herein as United Health Care, by and through its attorneys, SEDGWICK, DETERT, MORAN & ARNOLD LLP, as and for its Answer to plaintiff's Complaint dated May 3, 2007, respectfully sets forth the following upon information and belief:

    FIRST:    Denies knowledge sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of plaintiff's Complaint as alleged and refers all questions of law to this Honorable Court, except denies that UHI is subject to personal jurisdiction within the State of New York for the claims at issue.

    SECOND: Denies knowledge sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of plaintiff's Complaint and refers all questions of law to this Honorable Court, except denies that plaintiff has a presence within the State of New York related to the claims at issue.

NY/504224v1

## **FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

THIRD:     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of plaintiff's Complaint and respectfully refers to the administrative record pertaining to Thomas Everett's (incorrectly named in plaintiff's Complaint as "Allen Everett") claim kept and maintained by UHI in the regular course and scope of its business for the facts and circumstances recorded therein.

FOURTH: Denies each and every allegation contained in paragraph "4" of plaintiff's Complaint as for UHI, and denies knowledge or information sufficient to form a belief as to the truth of the allegations directed at the remaining defendants.

FIFTH:     Denies each and every allegation contained in paragraph "5" of plaintiff's Complaint and respectfully refers to the administrative record pertaining to Thomas Everett's claim kept and maintained by UHI in the regular course and scope of its business for the facts and circumstances recorded therein, except denies knowledge or information sufficient to form a belief as to the allegations directed at the remaining defendants.

SIXTH:     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of plaintiff's Complaint, respectfully refers all questions of law to this Honorable Court and respectfully refers to the administrative record pertaining to Thomas Everett's claim kept and maintained by UHI in the regular course and scope of its business for the facts and circumstances recorded therein, except denies that UHI made any representations of coverage.

NY/504224v1

SEVENTH:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of plaintiff's Complaint, respectfully refers all questions of law to this Honorable Court and respectfully refers to the administrative record pertaining to Thomas Everett's claim kept and maintained by UHI in the regular course and scope of its business for the facts and circumstances recorded therein, except denies that UHI received claims from plaintiff for the services at issue.

EIGHTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of plaintiff's Complaint, respectfully refers all questions of law to this Honorable Court and respectfully refers to the administrative record pertaining to Thomas Everett's claim kept and maintained by UHI in the regular course and scope of its business for the facts and circumstances recorded therein, except expressly denies that UHI agreed to pay $159,120.00 for the treatment, services and supplies and equipment allegedly provided by plaintiff or that such services were covered under a health insurance policy issued by UHI.

NINTH:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of plaintiff's Complaint and respectfully refers to the administrative record pertaining to Thomas Everett's claim kept and maintained by UHI in the regular course and scope of its business for the facts and circumstances recorded therein.

NY/504224v1

TENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of plaintiff's Complaint and respectfully refers to the administrative record pertaining to Thomas Everett's claim kept and maintained by UHI in the regular course and scope of its business for the facts and circumstances recorded therein, except denies that UHI is obligated to pay the amount plaintiff claims is due.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of plaintiff's Complaint, refers all questions of law to this Honorable Court and respectfully refers to the administrative record pertaining to Thomas Everett's claim kept and maintained by UHI in the regular course and scope of its business for the facts and circumstances recorded therein, except states that UHI is not obligated to pay for the treatment, services and supplies and equipment allegedly provided by plaintiff.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWELFTH: Plaintiff's claim must be dismissed because plaintiff failed to properly serve UHI.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTEENTH: Plaintiff's claim must be dismissed because this Court does not have personal jurisdiction over UHI.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FOURTEENTH: Plaintiff's claims fail because they are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA").

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FIFTEENTH:   Plaintiff has no cognizable claim under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SIXTEENTH:   The plan from which benefits were allegedly due was a self-funded plan, and UHI did not insure the plan.  Plaintiff's claims against UHI fail because UHI has no liability for the treatment, services and supplies and equipment allegedly provided by plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SEVENTEENTH: Plaintiff's claims against UHI fail because UHI is not a proper party under ERISA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

EIGHTEENTH:   Plaintiff's claims fail because Thomas Everett and his designee failed to exhaust the administrative remedies afforded under the plan.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

NINETEENTH:   Plaintiff's claims fail because plaintiff lacks standing to bring this suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWENTIETH:   Plaintiff's claims must be dismissed because it failed to bring this action in the proper jurisdiction pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:   Plaintiff's claims fail because it brought this action in an improper venue under 28 U.S.C. §1391.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:   Plaintiff's claims must be dismissed because of *forum non conveniens*.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:   The alleged recipient of services from plaintiff, was not enrolled in the plan at the time of receipt.  Plaintiff's claims must fail to the extent they seek benefits for services rendered to a person not enrolled in the plan.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH:   Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:   Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:   At all relevant times, defendant acted in good faith in the handling, disposition, and determination of the claims presented under the plan.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:   At all relevant times, defendant acted in accordance with the contract and observed all applicable laws and regulations

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH:   This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against the answering defendant.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

TWENTY-NINTH: The claims for which plaintiff seeks recovery are not payable under the terms of the plan in effect during the time period of the pertinent allegations in the Complaint.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

THIRTIETH: Defendant acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the plan. Accordingly, plaintiff is barred from recovery for its claims in this action and the purported claims asserted therein.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

THIRTY-FIRST: Defendant, UHI, as claim fiduciary for the plan, is granted complete authority to review all denied claims for benefits under the group contract and discretionary authority to determine: whether and to what extent employees are entitled to benefits; and to construe any and all disputed or doubtful terms of the policy; and UHI is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously. UHI's decision making was not arbitrary or capricious and therefore, the Court cannot disturb UHI's determination concerning plaintiff's claims.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

THIRTY-SECOND: Plaintiff's claims for relief seeking interest must fail, because such claim is preempted by ERISA, which does not provide such relief.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

THIRTY-THIRD: UHI fully performed its duties, if any, and plaintiff is estopped to assert any cause of action against UHI.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

THIRTY-FOURTH: All actions about which plaintiff complains were either required or permitted by applicable law.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

THIRTY-FIFTH: Plaintiff's claims are barred to the extent plaintiff has failed to join an indispensable party.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

THIRTY-SIXTH: The beneficiary Thomas Everett was not eligible to receive any benefits under the plan at the time in question because his wife, who was the participant, was no longer employed by the plan sponsor.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

THIRTY-SEVENTH: Plaintiff's Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable defendant to determine whether it may have additional defenses in this action.  Therefore, defendant reserves the right to assert such additional defenses if they later become apparent.

WHEREFORE, defendant, UNITED HEALTH INSURANCE COMPANY, requests the following relief:

(a) That plaintiff's Complaint be dismissed in its entirety;

NY/504224v1

(b)   That UHI be granted judgment against plaintiff for all costs of this action including reasonable attorneys' fees pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1); and

(c)   That this Court grant UHI any other relief that it considers just and appropriate under the circumstances.

Dated: New York, New York
July 13, 2007

          Yours, etc.
          SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____s/_____
Michael H. Bernstein (MB-0579)
John T. Seybert (JS-5014)
*Attorneys for Defendant*
**UNITED HEALTHCARE INSURANCE COMPANY i/s/a UNITED HEALTH CARE**
125 Broad Street - 39th Floor
New York, New York 10004-2400
(212) 422-0202

TO:   Abraham Wax, Esq.
Abraham Wax, P.C.
Attorney for Plaintiff
750 Third Avenue
New York, NY 10017
(212) 922-9004

NY/504224v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **ANSWER TO COMPLAINT** was served ECF and via regular mail on July 13, 2007, upon

>Abraham Wax, P.C.
>Attorney for Plaintiff
>750 Third Avenue
>New York, NY 10017
>(212) 922-9004

Dated: July 13, 2007

>_____s/_____
>Michael H. Bernstein (MB-0579)

NY/504224v1