UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC                Civil Action No.:
SERVICES,                                                 07 Civ. 5941 (LTS) (FM)

        Plaintiffs,

 -against-

                   **DOCUMENT**
UNITED HEALTH CARE, ANCILLARY CARE      **ELECTRONICALLY FILED**
MANAGEMENT, and THE CINTAS CORPORATION
HEALTH PLAN,
        Defendants.
------------------------------------------------------------------------X


## DEFENDANT UNITED HEALTHCARE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND


            SEDGWICK, DETERT, MORAN & ARNOLD LLP
            125 Broad Street, 39th Floor
            New York, New York 10004
            (212) 422-0202 telephone
            (212) 422-0925 facsimile

            *Attorneys for Defendant*
            United HealthCare Insurance Company i/s/a
            United Health Care

Of Counsel:
  Michael H. Bernstein, Esq.
  John T. Seybert, Esq.

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY ................................................................................................... 2

ARGUMENT .......................................................................................................................... 5

    POINT I
    THIS COURT SHOULD DENY CAREMARK'S MOTION TO REMAND ...................... 5

        A.    THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER
            ERISA §502(A). ............................................................................................... 5

        B.    UHI'S REMOVAL WAS TIMELY UNDER 28 U.S.C. §1446. ........................ 7

        C.    THE REMOVAL IS PROPER BECAUSE UHI TIMELY AMENDED ITS
            NOTICE OF REMOVAL TO ASSERT ADDITIONAL GROUNDS FOR
            FEDERAL JURISDICTION BASED UPON DIVERSITY OF
            CITIZENSHIP. ................................................................................................. 9

CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aetna Life Ins. Co.* v. *Davila*,
542 U.S. 200, 209 (2004) ................................................................................................6

*Gully* v. *First Nat'l Bank*,
299 U.S. 109 (1936) ........................................................................................................5

*Metropolitan Life Ins. Co.* v. *Taylor*,
481 U.S. at 65-66 ........................................................................................................5, 6

*Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.*,
526 U.S. 344. 348 (1999) ...............................................................................................7

*Pilot Life Ins. Co.* v. *Dedeaux*,
481 U.S. 41 (1987) ..........................................................................................................6

*Placente* v. *State Univ. of N.Y.*,
362 F. Supp. 2d 383, 388 (W.D.N.Y. 2004) ..................................................................7

*Revson* v. *Cinque & Cinque, P.C.*,
221 F.3d 71 (2d Cir. 2000) ...........................................................................................11

*Soto* v. *Apple Towing*,
111 F. Supp. 2d 222 (E.D.N.Y. 2000) .........................................................................10

## STATE CASES

*Chow* v. *Kenteh Enters. Corp.*,
169 A.D.2d 572, 564 N.Y.S.2d 426 (1st Dep't 1991) ....................................................8

## FEDERAL STATUTES

28 U.S.C. §1331 (2007) ........................................................................................................5

28 U.S.C. §1332 (2007) ........................................................................................................9

28 U.S.C. §1441 (2007) ........................................................................................................5

28 U.S.C. §1446(b) (2007) ..............................................................................1, 5, 7, 9, 10

28 U.S.C. §1927 (2007) ......................................................................................................11


ERISA §3(1), 29 U.S.C. §1002(1) (2007) ...................................................................................6

ERISA §502(a), 29 U.S.C. §1132(a) (2007)...........................................................................5, 6

**STATE STATUTES**

N.Y. C.P.L.R. §311(a) (2007)......................................................................................................8

**PRELIMINARY STATEMENT**

On June 22, 2007, defendant United HealthCare Insurance Company ("UHI"), incorrectly sued herein as United Health Care removed this action to this Court on federal question grounds because plaintiff's claims relate to the administration of an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). Plaintiff's claims seek benefits for services it rendered to an enrollee in the co-defendant Cintas Corporation Health Plan (the "Plan"). Plaintiff does not dispute that its claim is completely preempted by ERISA §502(a).

Plaintiff's two-page motion to remand challenges this Court's subject matter jurisdiction over this action solely on the basis that UHI removed the action one day after the thirty (30) day period prescribed by 28 U.S.C. §1446(b) for effecting removal. Plaintiff, Caremark Inc., doing business as Caremark Services ("Caremark"), relies exclusively upon its proof of service, purportedly demonstrating that UHI was served with process on May 22, 2007 at offices located in New York, New York, and thus UHI's June 22, 2007 removal to federal court was filed late by a day. Caremark's proof of service, however, demonstrates that it did not properly serve UHI because UHI does not have an office in New York and therefore, could not have been personally served at a non-existent office. Also, the person purportedly served is not employed by UHI nor is she a registered agent for service of process on behalf of UHI. The United States Supreme Court has established that the thirty-day limit within which a party can remove an action to federal court does not begin to run until the defendant is *properly served*. Caremark's proof of service establishes that service was not properly made on UHI, and therefore, UHI's time to remove has not even commenced, much less expired.

Furthermore, the issue of proper service on UHI and plaintiff's exclusive grounds for remand based on the date it claims service was effectuated has been rendered moot because UHI timely filed

1

an Amended Notice of Removal asserting diversity of citizenship as an alternative basis for removal. UHI could not ascertain from the face of plaintiff's Complaint whether diversity of citizenship exists because defendant Ancillary Care Management, Inc. ("Ancillary") incorrectly sued herein as Ancillary Care Management could not be identified. Neither did plaintiff specify its own citizenship for purposes of evaluating diversity. Through independent research, UHI has since determined that none of the defendants in this action are citizens of New York. Since all of the parties are of diverse citizenship and the claims exceed $75,000, exclusive of interest and costs, UHI timely filed its Amended Notice of Removal on July 17, 2007 asserting this additional basis for subject matter jurisdiction. Accordingly, the Court need not even address the issue of service of process raised in Caremark's motion to remand.

Given the foregoing, this Court should deny Caremark's motion to remand and award UHI attorney's fees and costs incurred in opposing this motion.

## **PROCEDURAL HISTORY**

Caremark commenced this action in the Supreme Court of the State of New York, County of New York by filing a Summons and Complaint dated May 3, 2007 with the County Clerk. No proof of service has been filed in this Court showing that Cintas or Ancillary have been served with the Summons and Complaint.

Plaintiff's Complaint is devoid of any identifying information normally found in a complaint, such as its own residency and the residence of the respective defendants. Plaintiff's Complaint also does not identify any particular theory of recovery. It also fails to accurately identify two of the three named defendants – UHI and Ancillary – and alleges that all three defendants "issued health

insurance under policy No. 970248841, group No. 702497, covering the patient Allen Everett."[1] (Complaint, ¶3). Despite these inaccurate and vague allegations, UHI was able to determine that federal question jurisdiction exists because plaintiff's claims seek to recover benefits under the Cintas ERISA Plan, which was assigned group no. 702497 by UHI, for payment of medical services allegedly provided by plaintiff to a Cintas Plan beneficiary. (Declaration of Mabel Suzanne Fairley dated July 24, 2007, Ex. "B" ("Fairley Dec.")).

On June 22, 2007, UHI removed this action to this Court on the ground that Caremark's claims are preempted by ERISA. (Docket Entry No. 1). Prior to removing the action to federal court, UHI spoke with representatives of Cintas. Although Cintas did not have a record of being served with the Summons and Complaint, it consented to the removal of this action. (*Id.*). UHI was not able to identify Ancillary, and could not ascertain whether it had been served at that time. (*Id.*).

On July 11, 2007, Caremark filed the instant motion for remand of the action to state court solely on the grounds that the removal was not timely. (Docket Entry No. 6). Caremark does not challenge federal subject matter jurisdiction based on ERISA preemption. Caremark's sole argument for remand is that its proof of service indicates that UHI was served on May 22, 2007 at One Penn Plaza, 8th Floor, New York, New York. (*Id.*, Ex. "A"). But as demonstrated by the accompanying Declaration of Mabel Suzanne Fairley, UHI does not maintain an office at One Penn Plaza, New York, NY. (Fairley Dec, ¶2). Plaintiff's Proof of Service also states that the Summons and Complaint were served on "Nelmira Garnes." (Docket Entry No. 6, Ex. "A"). But as stated in the accompanying Declaration, Nelmira Garnes is not employed by UHI, nor is she an authorized agent for service of process for UHI. (Fairley Dec., ¶5). UHI's designated agent for service of process in New York is CT Corporation. (Fairley Dec., ¶6).

---

[1] The name "Allen Everett" is also incorrect based on records maintained by UHI, which demonstrate that "Thomas A. Everett" was previously enrolled in the Cintas Plan and that a claim for benefits was submitted to UHI for services rendered on October 21, 2005. (*See*, Fairley Dec., Ex. "A" ).

3

On July 13, 2007, UHI served its Answer To Complaint. (Docket Entry No., 15). UHI raised improper service of process as its First Affirmative Defense. (*Id.*).

Thereafter, UHI undertook an investigation into the subject matter of plaintiff's lawsuit and, after locating the appropriate claim file, was able to accurately identify the other defendants. Based upon information contained in the claims file and additional research performed, it was determined that co-defendant Ancillary is a Delaware corporation with its principal place of business in Minnesota. (Declaration of John T. Seybert dated July 25, 2007, Ex. "A" ("Seybert Dec.")). Cintas, the plan sponsor is a Nevada corporation with its principal place of business in Ohio. (Seybert Dec., Ex. "B")). Caremark is a California corporation with its principal place of business in Illinois. (Seybert Dec., Ex. "C").

On July 17, 2007, UHI filed, in both state and federal court, an Amended Notice of Removal, asserting diversity of citizenship pursuant to 28 U.S.C. §1332 as an additional basis for removal. (Docket Entry No. 16). UHI did not have sufficient information to remove the action on diversity of citizenship grounds until it was able to identify Ancillary and Caremark with sufficient particularity to determine their citizenship. (*Id.*).

Subsequent to the filing of the Amended Notice of Removal, UHI requested that Caremark withdraw the instant motion because it had been rendered moot due to UHI's filing of the Amended Notice of Removal. (Seybert Dec., Ex. "D"). Notwithstanding this request, plaintiff's counsel has refused to withdraw the motion, necessitating UHI's opposition. (Seybert Dec., ¶6).

# ARGUMENT

## POINT I

### THIS COURT SHOULD DENY CAREMARK'S MOTION TO REMAND.

This Court should deny Caremark's motion to remand this action to state court. UHI properly removed this action based upon federal question jurisdiction under 28 U.S.C. §1331. UHI timely removed this action on federal question grounds to federal court within the time prescribed by 28 U.S.C. §1446(b). In any event, this Court should also deny the motion to remand since diversity of citizenship exists, and UHI timely removed this action on this alternate basis for subject matter jurisdiction.

### A. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER ERISA §502(A).

This Court has federal question subject matter jurisdiction under 28 U.S.C. §1331, because Caremark's claim is completely preempted by ERISA §502(a), 29 U.S.C. §1132(a). UHI's right to remove this action from state court to federal court is well-founded under 28 U.S.C. §1441.

Generally, an action is not removable to federal court unless the plaintiff's "well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co.* v. *Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully* v. *First Nat'l Bank*, 299 U.S. 109 (1936)). An exception to this rule exists when "Congress [has] so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63-63. In such cases, "the touchstone of the federal district court's removal jurisdiction is not 'obviousness' of the pre-emption defense but the intent of Congress." *Id.* at 66. In enacting ERISA, "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of §502(a) removable to federal court." *Id.* For this reason, the Supreme Court has ruled that the "ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-

5

emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Aetna Life Ins. Co.* v. *Davila*, 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life Ins. Co.*, 481 U.S. at 65-66.)

It cannot be disputed that the Plan from which Caremark seeks benefits is an employee welfare benefit plan. ERISA §3(1), 29 U.S.C. §1002(1) (2007). Consequently, Plaintiff's remedies are limited to the civil enforcement provisions contained in ERISA §502(a), 29 U.S.C. §1132(a) (2007), which provides that a participant or beneficiary may bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." That provision, however, does <u>not</u> allow Caremark to pursue its state law claims. *See Aetna Life Ins. Co.*, 542 U.S. at 209; *see also Pilot Life Ins. Co.* v. *Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co.*, 481 U.S. at 66.

Caremark does not dispute that this Court has subject matter jurisdiction under ERISA §502(a), 29 U.S.C. §1132(a). Caremark's Complaint alleges that its claims for payment of health plan benefits for services it allegedly rendered covered by a purported insurance policy under group no. 702497. (Complaint, ¶¶ 4, 8).[2] The claims at issue relate to services rendered to Thomas Everett, who was a beneficiary in a employee welfare benefit plan offered by Cintas to its employees. (Fairley Dec., ¶8). Mr. Everett was eligible to enroll in the Plan because his wife was an employee with Cintas. (*Id.*). At the time, Mr. Everett received the services at issue from Caremark, however, his wife was no longer employed by Cintas. (Fairley Dec., ¶9). It does not appear that they elected to continue coverage under COBRA, so coverage terminated by the time the services were rendered. (*Id.*) Thus, coverage for the services in question was denied because the participant and beneficiary lost their eligibility and did not elect COBRA continuation. (Fairley Dec., Ex. "A").

---

[2] In fact, The Cintas Plan is self-funded, so there is no "insurance policy" covering Mr. Everett's claims. UHI's involvement with the Cintas Plan was limited to performing specified administrative services pursuant to an Administrative Services Agreement. (*See* Fairley Dec., Ex. "B").

6

UHI's removal based on federal question grounds is therefore well-founded, and this Court has subject matter jurisdiction over Caremark's claims because they relate to Mr. Everett's eligibility to receive these benefits, which is quintessentially an issue of ERISA plan administration.

### B. UHI'S REMOVAL WAS TIMELY UNDER 28 U.S.C. §1446.

28 U.S.C. §1446(b) (2007) provides, "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ." While it is true that the time is strictly construed, the United States Supreme Court has stated that the thirty-day limit does not begin to run until the defendant has been properly served. *See Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). In other words, "the clock for removal does not start until a defendant is served with process." *Placente* v. *State Univ. of N.Y.*, 362 F. Supp. 2d 383, 388 (W.D.N.Y. 2004). Caremark failed to properly serve UHI and thus, the clock never started.

Caremark's sole argument in its motion to remand is that UHI untimely removed this action to this Court on the thirty-first day after service. Caremark offers its proof of service, which it claims demonstrates UHI was served with a copy of the Summons and Complaint on May 22, 2007. (Docket Entry No. 6, Ex. "A"). The proof of service states that the process server claims to have personally delivered the Summons and Complaint on May 22, 2007 to "United Health Care" at One Penn Plaza, 8th Floor, New York, New York and that the process server "knew the person so served to be the General Agent, Nelmira Garnes, Authorized to Accept Service On Behalf of the corporation." (*Id.*). Rather than establishing proper service of process on UHI, however, this proof of service unequivocally demonstrates that plaintiff has failed to effectuate proper service for the following reasons:

7

UHI is a Connecticut corporation. (Fairley Dec., ¶2). It does not maintain an office at One Penn Plaza, where service was purportedly made. (Fairley Dec., ¶3). Although United HealthCare Insurance Company of New York and some of its affiliates occupy this space, UHI does not. (*Id.*). In fact, UHI's authorized agent for service of process in the state of New York is CT Corporation. (Fairley Dec., ¶6).

Service on an affiliated company is not proper service. Under New York law, "personal service upon a corporation . . .shall be made by delivering the summons. . .to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to accept service." N.Y. C.P.L.R. §311(a). It does not allow for service upon an affiliated or related company. It is also axiomatic that New York law does not allow service to be made by serving someone with no relationship to the defendant corporation. UHI has no record of employing a person by the name of "Nelmira Garnes," the person plaintiff's process server claims to have served. (Fairley Dec., ¶4). "Nelmira Garnes" is not an officer, director, managing or general agent or cashier or assistant cashier for UHI. (Fairley Dec., ¶4). UHI also has not authorized "Nelmira Garnes" to accept service of process for the company. (Fairley Dec., ¶5). Accordingly, plaintiff's alleged personal delivery of the Summons and Complaint to "Nelmira Garnes" is not proper service on UHI. *See Chow* v. *Kenteh Enters. Corp.*, 169 A.D.2d 572, 564 N.Y.S.2d 426 (1st Dep't 1991).

Since plaintiff never effectuated service upon UHI, its time to remove never commenced, and therefore, the removal petition was timely filed. Consequently, plaintiff's motion for remand must be denied.

**C.   THE REMOVAL IS PROPER BECAUSE UHI TIMELY AMENDED ITS NOTICE OF REMOVAL TO ASSERT ADDITIONAL GROUNDS FOR FEDERAL <u>JURISDICTION BASED UPON DIVERSITY OF CITIZENSHIP.</u>**

Pursuant to 28 U.S.C. §1446(b), UHI has more than thirty days from the date of receipt of the complaint to remove the action to federal court based upon diversity jurisdiction under 28 U.S.C. §1332. 28 U.S.C. §1446(b) allows a party to remove an action within 30 days from the date the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." Plaintiff's complaint herein did not include sufficient information for UHI to assert diversity of citizenship jurisdiction in its original removal petition.

Plaintiff's Complaint fails to allege the citizenship of any party, including its own citizenship information. (Complaint, ¶¶1, 2). Instead, Plaintiff vaguely alleges that "Defendants are present in the State of New York or do business on a regular basis in the State of New York." (Complaint, ¶1). Furthermore, Plaintiff failed to properly name two of the three defendants in the action or their roles in this matter. In fact, nowhere, except in the caption, do the parties UHI, Ancillary or Cintas appear in the Complaint. Therefore, it was not possible, on the face of Caremark's Complaint, to ascertain the alleged roles, duties, breaches or citizenship of any of these parties.[3]

Diversity of citizenship jurisdiction does exist, however, and UHI was able to obtain that information through a review of its business records and some independent research. (Docket Entry No. 16). 28 U.S.C. §1332 provides that this Court has subject matter jurisdiction over this claim if the amount in controversy exceeds $75,000, exclusive of interest and costs, and if the parties are

---

[3] There is a serious question as to whether the action has any basis for being venued in New York, because there does not seem to be any connection to the district or state with respect to the claims at issue. None of the parties are citizens of New York, and the beneficiary, who received the services at issue, resides and received the services in Arkansas. (Fairley Dec., Ex. "A").

9

citizens of different states. Plaintiff alleges a claim in the amount of $159,120.00 (Complaint ¶8), which is well in excess of the minimum amount in controversy. Although Caremark does not allege its citizenship, UHI has learned that it is a California corporation with its principal place of business in Illinois. (Seybert Dec., Ex. "C"). UHI is a Connecticut Corporation with its principal place of business in Connecticut. (Fairley Dec., ¶2). Co-defendant, Ancillary is a Delaware corporation with its principal place of business in Minnesota. (Seybert Dec., Ex. "A"). The Cintas Corporation, which is the Plan sponsor, is a Nevada corporation with its principal place of business in Ohio, and upon information and belief, the Plan is administered in Ohio. (Seybert Dec., Ex. "B").

UHI filed its Amended Notice of Removal on July 17, 2007, adding diversity of citizenship as additional grounds for removal. (Docket Entry No. 16). UHI could not have removed the action prior to that time without confirming the citizenship of all of the corporate defendants.

28 U.S.C. §1446(b) allows a defendant to remove an action to federal court on diversity of citizenship grounds "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[4] The time does not run until the facts are sufficiently detailed to put the defendant on notice. 28 U.S.C. §1446(b) does not require a defendant to search outside the Complaint to determine whether diversity of citizenship exists. Courts in the Second Circuit have not obligated a defendant to perform this task either. *See Soto* v. *Apple Towing*, 111 F. Supp. 2d 222 (E.D.N.Y. 2000).

Since Plaintiff did not allege citizenship facts in the Complaint, UHI was not able to initially remove the action and the thirty days to remove this action based upon diversity had not yet begun to run. Accordingly, UHI was not precluded from removing the action on this additional ground by the thirty-day limitation on July 17, 2007 when it filed its Amended Notice of Removal.

---

[4] Upon information and belief, plaintiff has not even attempted service of process on Ancillary or Cintas. Certainly, no return of service on either of these parties has been filed to date.

Consequently, this Court should deny plaintiff's motion for remand because it possesses subject matter jurisdiction based on diversity of citizenship grounds.

This Court should also award UHI attorney's fees and costs pursuant to 28 U.S.C. §1927 for plaintiff's counsel's refusal to withdraw this motion and requiring UHI to oppose it. In accord with Rule 2.B. of the Individual Practices of Judge Laura Taylor Swain, UHI's counsel wrote to Caremark's counsel on July 17, 2007, requesting that he withdraw the motion to remand this action to state court and advising counsel of the reasons for asserting the additional grounds of diversity of jurisdiction and the reason for the timing. (Seybert Dec., Ex. "D"). Plaintiff's counsel refused to withdraw its motion necessitating UHI to oppose the motion and incurring additional fees and costs. Given the facts presented to plaintiff's counsel, it was unreasonable for him to continue with this motion. Plaintiff's counsel's refusal to withdraw the motion resulted in multiplying the proceedings. Accordingly, this Court should award UHI its reasonable fees and costs incurred in opposing plaintiff's motion. *See Revson* v. *Cinque & Cinque, P.C.*, 221 F.3d 71 (2d Cir. 2000).

## CONCLUSION

For the foregoing reasons, this Court should deny Caremark's motion to remand and award UHI any other and further relief, including reasonable attorney's fees and costs incurred in opposing this motion.

Dated: New York, New York
       July 25, 2007

            Respectfully submitted,
            SEDGWICK, DETERT, MORAN & ARNOLD LLP

         By:   s/
            Michael H. Bernstein (MB-0579)
            John T. Seybert (JS-5014)
            *Attorneys for Defendant*
            **UNITED HEALTHCARE INSURANCE COMPANY i/s/a UNITED HEALTH CARE**
            125 Broad Street - 39th Floor
            New York, New York 10004-2400
            (212) 422-0202

TO: Abraham Wax, Esq.
    Abraham Wax, P.C.
    Attorney for Plaintiff
    750 Third Avenue
    New York, NY 10017
    (212) 922-9004

12

NY/504869v1

## CERTIFICATE OF SERVICE

    I, MICHAEL H. BERNSTEIN, hereby certify and affirm that a true and correct copy of the attached **MEMORANDUM OF LAW** was served via ECF and Regular Mail on this 25th day of July, 2007, upon the following:

> Abraham Wax, Esq.
> Abraham Wax, P.C.
> Attorney for Plaintiff
> 750 Third Avenue
> New York, NY 10017

                                  s/
                                MICHAEL H. BERNSTEIN (MB-0579)

Dated:   New York, New York
             July 25, 2007

NY/504869v1