UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X   INDEX NO.
                                                                             07 CIV 5941 (LTS)

CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC
SERVICES,

                              Plaintiff,                            REPLY
    -against-                                                        **AFFIDAVIT**

UNITED HEALTH CARE, ANCILLARY CARE              DOCUMENT
MANAGEMENT, and THE CINTAS CORPORATION    **ELECTRONICALLY FILED**
HEALTH PLAN,

                              Defendants.
-------------------------------------------------------------------------X

STATE OF NEW YORK )
COUNTY OF NEW YORK) SS:

        ABRAHAM WAX, being duly sworn, deposes and says that:

        1. I am the attorney for the plaintiff and I am familiar with the facts. I make this reply affidavit in support of plaintiff's motion to remand this case to the Supreme Court, where it was started, on the ground that the defendant, UNITED HEALTH CARE, was late in removing the case to this Court. Instead of removing the case within 30 days, this defendant removed it after 31 days. The other part of their opposition to remand is based upon their theory of diversity. Their contention is that since they were unaware of the "diversity" at the time the summons and complaint were served, they had more time. They need not have bothered.  The defendant Ancillary was organized in the State of Delaware, and the plaintiff, Caremark, Inc., was also organized in the State of Delaware, and so there is no diversity.

1

**We should also make a statement about their demand for counsel fees. To demand counsel fees claiming diversity, where there is no diversity indicates that insufficient investigation was done. But worse than that, for a massive insurance conglomerate having many companies, corporations, groups, and other entities to make a demand for counsel fees because the wrong entity may have been served shocks the sensibility. We will discuss that below.**

**2.   As we know, UNITED HEALTH CARE consists of many corporations, companies, groups, and other entities. In New York there are 8 entities. In New Jersey there are 7 entities. In Connecticut there are 8 entities. All carry as part of their names "United HealthCare". There possibly are more companies in other states. In addition, by defendants' counsel, they represent United HealthCare Insurance Co., a wholly owned subsidiary of UHIC Holdings, Inc., a wholly owned subsidiary of United HealthCare Services, Inc., a wholly owned subsidiary of UnitedHealth Group, Inc., a publicly held company. After wading through this bewildering array of companies, it is amazing that anyone can determine who the proper company is on whom to make service or whom to sue. This office has come to know the entire group as UNITED HEALTHCARE during 15 years of dealing in cases in the health care field.**

**3. Thus, when we started the litigation we went to a website called United HealthCare (EXHIBIT C). There we discovered in New York City two places of doing business, 1 Penn Plaza, and 2 Penn Plaza, in Manhattan. We instructed the process server, CHARLES F. MON to make service at 2 Penn Plaza. He went there,**

and the doorman directed him to go to 1 Penn Plaza. On May 22 he made service on **NELMIRA GARNES**, the general agent, who was authorized to accept service. (See affidavit of service, **EXHIBIT A**, and affidavit of due diligence, **EXHIBIT B**). The defendants allege that they received the summons and complaint "on or about" May 24, 2007, offering no proof.

4.  They filed the notice of removal on June 22, 2007, one day late. They do not deny it was one day late. But they attack service on the ground that the wrong party was served, even though they admit that the proper defendant United HealthCare Insurance Company received the summons and complaint as part of the same act of making service. (*Leo v. Gen Elec, 111 FRD 407, ED NY, 1986*). United HealthCare Insurance Company denies that the person who received the summons and complaint, **NELMIRA GARNES**, was employed by United HealthCare Insurance Company. She also denies that United HealthCare Insurance Company is located at 1 Penn Plaza, 8th Floor, New York, NY. However, counsel in their disclosure of interested parties admit that this defendant is a wholly owned subsidiary of UHIC Holdings, Inc., which is a wholly owned subsidiary of United HealthCare Services, Inc., which is a wholly owned subsidiary of UnitedHealth Group, Inc., a publicly held company. Further, research shows that **UNITEDHEALTH GROUP** is registered with the NY State Insurance Department (**EXHIBIT D**). The Insurance department shows that United HealthCare Insurance Company of New York is affiliated with the **UNITEDHEALTH GROUP**. Counsel has admitted that United HealthCare Insurance Company (the defendant

herein) is a wholly owned subsidiary of UNITEDHEALTH GROUP. Thus, UnitedHealth Group is affiliated with its wholly owned subsidiary, the defendant herein, and also with United HealthCare Insurance Company of New York - the entity who defendants allege received the summons and complaint. What is happening is that in their website for UNITED HEALTHCARE (EXHIBIT C) says "contact us" giving the address at 1 Penn Plaza, New York NY, and when we serve them with papers, they deny that we can contact them there. This is a massive shell game. The truth is they do business everywhere, but if it is convenient for them to deny that, their counsel does that for them. They do business in New York, at 1 Penn Plaza, and they should not be heard to deny that. They were served with a summons on May 22, 2007. The proper party was served, according to *Leo v. Gen Elec, 111 FRD 407, ED NY, 1986.* See also *Fashion Page v. Zurich Insurance, 50 N.Y. 2d 265*. They do business in New York, according to their website, and according to perhaps millions of people they either insure or whose claims they process in insured and self insured plans. Their denials are hollow.

      5. As an afterthought United HealthCare raises the issue of diversity of citizenship, as a means to avoid their failure to remove on time. That is, because the New York State summons and complaint fails to set forth the citizenship, their excuse is they had more than 30 days to remove. This belated thought will not help them. EXHIBIT E shows that Caremark, Inc., the plaintiff, is a Delaware Corporation, and EXHIBIT F, one of the defendants, ANCILLARY CARE MANAGEMENT, INC. is a

**Delaware Corporation. Thus, the plaintiff and one of the defendants are both Delaware corporations, thus voiding diversity.** *28 U.S.C. 1335.*

**6. Defendants fail to qualify for removal, and the case should be remanded to the Supreme Court of New York State, where it was first instituted.**

/s/
_____
**Abraham Wax**

**Sworn to before me this**
**8th day of August, 2007**

/s/
_____
**Notary Public**

**Manuel G. Pardo**
**Notary Public State of NY**
**No. 01PA5044272**
**Qualified in Queens County**
**Commission Expires May 30, 2011**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X   INDEX NO.
                                                                             07 CIV 5941 (LTS)

CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC
SERVICES,

                              Plaintiff,                                    AFFIRMATION
     -against-                                                              **OF SERVICE**

UNITED HEALTH CARE, ANCILLARY CARE
MANAGEMENT, and THE CINTAS CORPORATION
HEALTH PLAN,

                              Defendants.
-------------------------------------------------------------------------X

STATE OF NEW YORK )
COUNTY OF NEW YORK) SS:

        ABRAHAM WAX, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

        On August 8, 2007, I served the within REPLY AFFIDAVIT in the following manner:

        By transmitting a true copy thereof via facsimile to: John T. Seybert, Esq., attorney for defendant United Health Care at (212) 422-0925, and by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository of the United States Postal Service within the State of New York, addressed to the persons set forth below at the last known address set forth after each name.

Dated: New York, New York
       August 8, 2007

                                                            /s/
                                         _____
                                            **Abraham Wax**

6

TO: John T. Seybert, Esq.
**SEDGWICK, DETERT, MORAN & ARNOLD, LLP**
Attorneys for Defendant
United Health Care
125 Broad Street - 39th Floor
New York, NY 10004