UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X       INDEX NO.
                                                                                07 CIV 5941 (LTS)

CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC
SERVICES,

                                  Plaintiff,
    -against-                                                                                          **AFFIDAVIT**

UNITED HEALTH CARE, ANCILLARY CARE
MANAGEMENT, and THE CINTAS CORPORATION
HEALTH PLAN,

                                  Defendants.
------------------------------------------------------------------------X

STATE OF NEW YORK )
COUNTY OF NEW YORK) SS:

      Abraham Wax, being duly sworn, deposes and says that.

      1. I am the attorney for the Plaintiff and I am familiar with the facts. I make this affidavit in support of Plaintiff's motion to remand. This affidavit is made also in response to the request by Judge Wood for further clarification of the proof that this case should not have been removed the Federal Court because there is no diversity of citizenship.

      2. The defendants removed this case to this Court on the ground that it is an ERISA case, with dual jurisdiction in the Federal Court and in the State Court. However, their removal was defective because they removed 31 days after being served, and it should have been removed within 30 days. They also removed based upon diversity of citizenship. It is this issue that Judge Wood requested further clarification.

1

3. A party seeking removal bears the burden of establishing that removal is proper. *Westinghouse Elec. Corp. v. Newman & Holzinger PC, 992 F. 2d 932, 934*; further, the removal statute, *28 U.S.C. Section 1441* is strictly construed against removal. *O'Halloran v Univ. of Wash., 856 F. 2d 1375, 1380.* There is a strong presumption against federal court jurisdiction. *Gauss v. Miles, 980 F.2d 564, 566.*

4. There are 3 defendants: United Health Care, domiciled in Connecticut, The Cintas Corporation Health Care Plan, not domiciled in Delaware, and Ancillary Care Management, domiciled in Delaware (EXHIBIT A). The plaintiff brought the action under the name of CAREMARK, INC. CAREMARK, INC. was a corporation organized under the laws of the State of Delaware (EXHIBIT B). Previously (prior to 2003) Caremark, Inc. (with the comma)(Delaware), was merged into Caremark Inc. (California) (without the comma), and the California entity survived. Caremark Inc. was wholly owned by Caremark International LLC, a Delaware company (EXHIBIT C). Caremark International LLC (Delaware) was wholly owned by Caremark RX Inc., a Delaware company (EXHIBIT D).

However, on April 30, 2007, CAREMARK, INC., changed its name to CAREMARK LLC. This was done by creating a new entity known as Caremark LLC, in California. Caremark Inc. (California) was merged into Caremark LLC. (dba Caremark Therapeutic Services). Caremark LLC is wholly owned by Caremark International LLC, (Delaware), which is wholly owned by Caremark RX LLC (Delaware). See EXHIBIT E.

Thus, at the time this lawsuit was started, May 9, 2007, and at the time

the motion for removal was made, Caremark LLC, (California) the real party in interest, was wholly owned by the Delaware company, Caremark International LLC. For purposes of diversity of citizenship, the plaintiff was a citizen of Delaware. Since one of the defendants, Ancillary Care Management, was a citizen of Delaware at the time the lawsuit began, and the owner of Caremark LLC was a citizen of Delaware, there was no diversity, and this case should be remanded to the State Court.

The diversity that supports removal must exist at the time the complaint was filed, and at the time the motion to remove was filed. *Goff v. Michelin Tire, 837 F.Supp 1143 (M.D. Ala. 11/30/1993); Stevens v. Nichols, 9 S. Ct 518, 130 U.S. 230 (U.S. 04/01/1889)*; *Garza v Midland Nat. Ins. 256 F.Sup 12, 13 (S. D. Fla 1966).*

Diversity exists only if the citizenship of each plaintiff is diverse from each defendant. *Stevens v. Nichols, 9 S. Ct 518, 130 U.S. 230 (U.S. 04/01/1889); Goff v Michelin Tire, 837 F.Supp 1143 (M.D. Ala. 11/30/1993).*

For the purposes of diversity, a limited liability company (LLC) has the citizenship of each of its members, *Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 07/22/1998*, or its general partners or limited partners, *Handelsman v. Bedford Village Associates Limited Partnership, 213 F.3d 48 (2d Cir. 05/17/2000)*, or of its owners, *Opuna, LLC v. Sabbagh, No. 05-00488 SOM/LEK (D.Haw. 08/15/2006), Johnson v. Acolumbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 02/10/2006); See also Carden v Arkoma Assocs, 494 U.S. 185, 195-196 (1990).*

As we have shown above, Ancilary Care Management, Inc., one of the defendants, is a citizen of Delaware, where it was organized. EXHIBIT A.  Caremark

**LLC was organized in California, but it was wholly owned by the Delaware company, Caremark International LLC (EXHIBIT C). Attached as EXHIBIT F are the intra company e-mails with Lloyd Fiorini, Senior Legal Counsel, and also his e-mails with the undersigned).**

**WHEREFORE: plaintiff requests that this action be remanded to the State Court because of lack of diversity.**

/s/
_____
**Abraham Wax**

**Sworn to before me this**
**31st day of August, 2007**

/s/
_____

**Notary Public**

**Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 07/22/1998)**

**Crehore v. Ohio and Mississippi Railway Co., 9 S. Ct. 692, 131 U.S. 240 (U.S. 05/13/1889)**

**Goff v. Michelin Tire Corp., 837 F.Supp 1143 (M.D. Ala. 11/30/1993)**

**Handelsman v. Bedford Village Associates Limited Partnership, 213 F.3d 48 (2d Cir. 05/17/2000)**

**Island Park Estates, LLC v. Brack, No. C-06-485 (S.D.Tex. 11/28/2006)**

**Johnson v. Acolumbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 02/10/2006)**

**Media Group v. Arent Fox Kitner Plotkin & Kahn, PLLC, 3:03-cv-1017 (JCH) (D.Conn. 01/23/2004)**

Matter of Albert N. Moore, 28 S. Ct 585, 209 U.S. 490 (U.S. 04/20/1908)

Opuna, LLC v. Sabbagh, No. 05-00488 SOM/LEK (D.Haw. 08/15/2006)

Stevens v. Nichols, 9 S. Ct 518, 130 U.S. 230 (U.S. 04/01/1889)