UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC　　Civil Action No.:
SERVICES,　　07 Civ. 5941 (LTS) (FM)

                            Plaintiffs,

    -against-

                                              **DOCUMENT**
UNITED HEALTH CARE, ANCILLARY CARE　　**ELECTRONICALLY FILED**
MANAGEMENT, and THE CINTAS CORPORATION
HEALTH PLAN,
                            Defendants.
------------------------------------------------------------------X


## DEFENDANT UNITED HEALTHCARE INSURANCE COMPANY'S SUR-REPLY MEMORANDUM OF LAW CONCERNING PLAINTIFF'S MOTION TO REMAND


SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004
(212) 422-0202 telephone
(212) 422-0925 facsimile

*Attorneys for Defendant*
United HealthCare Insurance Company

Of Counsel:
    Michael H. Bernstein, Esq.
    John T. Seybert, Esq.

NY/507478v1

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

POINT I

    Diversity Of Citizenship Exists because Caremark Is A Citizen Of California ....................... 3

    A.    Caremark's Claim That It Is Incorporated In Delaware Is Contradicted By Its Filings With Federal Agencies And By Prior Rulings Of This Court .............. 3

    B.    The Affidavit of Caremark's Counsel Is Not Based On Personal Knowledge And Is Not Sufficient To Support Its Motion To Remand ........................................... 5

POINT II

    Diversity of Citizenship Jurisdiction Exists Because Ancillary Has Not Been Served ............ 8

POINT III

    Diversity Of Citizenship Jurisdiction Exists Because Ancillary Has Been Fraudulently Joined As A Party ...................................................................................................................... 9

POINT IV

    This Court Should Also Retain Jurisdiction Based on Federal Question Grounds ................ 11

CONCLUSION ............................................................................................................................ 12

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Caremark Therapeutic Services* v. *Leavitt*,
  405 F. Supp. 2d 454 ............................................................................................. 3-6

*In re Flag Telecom Holdings*,
  *LTD Securities Litigation*, 308 F. Supp. 2d 249 ................................................. 7

*Ginor* v. *Lansberg*,
  159 F.3d 1346 ....................................................................................................... 4

*Kulak* v. *City of New York*,
  88 F.3d 63 ............................................................................................................. 4

*Insussary* v. *Administaff Companies, Inc.*,
  No. 98 Civ. 5404(AKH), 1999 WL 305102, *3 (S.D.N.Y. May 14, 1999) ......... 8

*Pampillonia* v. *RJR Nabisco, Inc.*, 138 F.3d 459 ...................................................................................................... 8

*Whitaker* v. *American Telecasting, Inc.*, 261 F.3d 196 ....................................................................................................... 7

*Pieczenik* v. *Cambridge Antibody Technology Group*, No. 03 Civ. 6336(SAS)
  2004 WL 527045 .................................................................................................. 7

### **FEDERAL STATUTES**

28 U.S.C. §1331 ................................................................................................................ 9

28 U.S.C. §1332(a) ........................................................................................................... 6

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq* ............... 1

### **MISCELLANEOUS**

RESTATEMENT (SECOND) OF JUDGMENTS §27 .................................................................. 4

### **FEDERAL RULES OF CIVIL PROCEDURE**

FED. R. CIV. PROC. 4 .......................................................................................................... 7

### **N.Y. CIVIL PRACTICE LAW & RULES**

N.Y. C.P.L.R. §308 ...........................................................................................................................10

N.Y. C.P.L.R. §311 ...........................................................................................................................10

**PRELIMINARY STATEMENT**

Pursuant to the Order of Chief Judge Kimba Wood dated August 13, 2007 (Docket Entry No. 19), defendant United HealthCare Insurance Company ("UHI"), incorrectly sued herein as United Health Care, submits this sur-reply memorandum of law in response to plaintiff's Reply Affidavit (Docket Entry No. 18) and in further opposition to plaintiff's motion for remand of this action to state court. UHI properly removed this action to this Court on federal question grounds because plaintiff's claims relate to the administration of an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") and because all of the parties to this litigation are of diverse citizenship. Consequently, plaintiff's motion should be denied.

Plaintiff, Caremark, Inc. doing business as Caremark Therapeutic Services ("Caremark"), argues in its reply papers and its Affidavit filed today that diversity of citizenship jurisdiction does not exist in this matter on the purported grounds that both itself and co-defendant, Ancillary Care Management ("Ancillary") are citizens of Delaware. Plaintiff also submits an Affidavit of Due Diligence from its process server explaining its failure to properly serve UHI with the Summons and Complaint. Neither of these arguments provide the basis for this Court to remand the action.

First, notwithstanding plaintiff's representations to the contrary, Caremark is incorporated in California with its principal place of business in Redlands, California. Caremark's counsel's submission of a single-page printout from a Delaware State website, ostensibly demonstrating that Caremark is a citizen of that state, proves nothing. This document pertains to a different entity than the one plaintiff's counsel represents in this matter. As will be discussed in detail herein, plaintiff's counsel is well-aware of this fact based upon his prior engagements for this client as represented in the public record. Plaintiff's counsel's Affidavit

filed today only further demonstrates that he has no personal knowledge of the facts of his client's citizenship and corporate structure. (Docket Entry No. 21). Thus, the Court should ignore plaintiff's efforts to obfuscate the issue, which stand in contradiction of its prior representations to this Court in at least one other matter.

Secondly, while Caremark asserts that diversity of citizenship jurisdiction is destroyed because Caremark and Ancillary are both citizens of Delaware, it has failed to effectuate service of process on this entity. Caremark cannot claim that diversity of citizenship fails where the party it identifies as destroying complete diversity is not a party because it has not been served.

Perhaps more significantly, plaintiff's Complaint asserts no real claim against Ancillary and thus, Ancillary has been fraudulently joined to this action. Plaintiff's only claim is that Ancillary, along with UHI and the Plan, issued the insurance policy at issue in this litigation. But, this allegation is factually incorrect because no party issued an insurance policy to any other party in this action. Moreover, the group contract identified in the Complaint specifies the responsibilities of UHI and the Plan, and makes absolutely no mention of Ancillary. (Docket Entry No. 17-9). Consequently, Caremark's claims against Ancillary, allegedly arising from its duties under the group contract, are baseless. Thus, Ancillary's presence in the caption is in error and cannot form the basis for remand.

Finally, Caremark's Reply includes an Affidavit of Due Diligence from its process server, explaining that Caremark failed to properly serve UHI because it relied upon the representation of an unidentified doorman. Caremark initially moved for remand by asserting that UHI filed its removal papers a day late because Caremark had served UHI on May 22, 2007. UHI demonstrated that the person served, according to Caremark's proof of service, is not an employee of UHI and is not an agent authorized to accept service of process on behalf of UHI.

2

Caremark's excuse that it purportedly acted with diligence in attempting to effectuate service does not change the fact that UHI has not been properly served in this case and therefore, UHI's removal of this action to federal court was timely.

For all of the foregoing reasons, Plaintiff's motion for remand of this matter to state court must be denied.

<u>**ARGUMENT**</u>

<u>**POINT I**</u>

<u>**DIVERSITY OF CITIZENSHIP EXISTS BECAUSE
CAREMARK IS A CITIZEN OF CALIFORNIA**</u>

In its reply papers, Caremark argues that diversity of citizenship does not exist because both defendant Ancillary and itself are citizens of Delaware. (Docket Entry No. 18, ¶5). This statement is not accurate. UHI is a Connecticut corporation and the Plan is a citizen of Ohio. (Docket Entry Nos. 17-7, ¶2; 17-4). Although it is undisputed that Ancillary is incorporated in Delaware, diversity of citizenship exists because Caremark is incorporated in California. (Docket Entry No. 17-5). In its reply papers, Caremark claims that it is a Delaware corporation and relies upon a web page printed from a Delaware corporation search. (Reply Affidavit of Abraham Wax, ¶5 sworn to Aug. 8, 2007 ("Wax Reply Aff.") (Docket Entry No. 18). Notwithstanding plaintiff's submission, however, these representations are inaccurate and are contradicted by a ruling of this Court based upon sworn statements in the public record.

A.  **CAREMARK'S CLAIM THAT IT IS INCORPORATED IN DELAWARE IS CONTRADICTED BY ITS FILINGS WITH FEDERAL AGENCIES AND BY PRIOR RULINGS OF THIS COURT**

In *Caremark Therapeutic Services* v. *Leavitt*, 405 F. Supp. 2d 454 (S.D.N.Y. 2006), the Department of Health and Human Services ("DOHHS") sought dismissal of a claim for benefits brought by Caremark for failing to commence its action in the proper forum. In support of its motion, the DOHHS submitted a declaration attaching exhibits, including Caremark's

3

application for a Medicare contract, reflecting unequivocally that Caremark is a California corporation. (Declaration of John T. Seybert dated August 31, 2007, Ex. "1", p. 9 ("Seybert Sur-Reply Dec.")). In addition, Caremark's application identifies its principal practice location as Redlands, California. (*Id.* at 17).

Notably, Caremark's counsel in *Leavitt* was Abraham Wax, Esq., who also represents Caremark in the matter *sub judice*. In *Leavitt*, Mr. Wax did not challenge the DOHHS's showing that Caremark is a citizen of California only. (Seybert Sur-Reply Dec., Ex. "2"). Accordingly, Judge Marrero ruled that Caremark "was incorporated in California, and has its place of business in Redlands, California, which is located in the Central District of California." *Leavitt*, 405 F. Supp. 2d at 466. Judge Marrero relied upon this finding of fact to dismiss Caremark's action due to improper venue. *Id.*

Given the foregoing, Caremark's representation in this action that it is a Delaware corporation is nothing short of an outright fabrication and should not be countenanced by the Court. In *Leavitt*, Caremark did not oppose the DOHHS's Declaration of these facts and conceded that it is both incorporated in California and has its principal place of business in California. Caremark should therefore be estopped from its attempts to make contrary representations in support of its motion to remand in this action. *See* RESTATEMENT (SECOND) OF JUDGMENTS §27 (2007); *Kulak* v. *City of New York*, 88 F.3d 63, 72 (2d Cir. 1996) (finding that the plaintiff was precluded on certain issues raised in prior litigation). Further, Caremark should also be estopped from representing that it is anything other than a California corporation since its filings with the DOHHS reflect that it is a California corporation. *See Ginor* v. *Lansberg*, 159 F.3d 1346 (2d Cir. 1998) (holding that plaintiff was estopped from supporting any allegations in its complaint contrary to representations to an administrative body).

NY/507478v1

It is respectfully submitted that given its prior representations of California citizenship, Caremark is estopped from taking a contrary position in the instant litigation and that its motion for remand be denied on this ground alone.

B. **THE AFFIDAVIT OF CAREMARK'S COUNSEL IS NOT BASED ON PERSONAL KNOWLEDGE AND IS NOT SUFFICIENT TO SUPPORT ITS MOTION TO REMAND**

Rather than submitting an affidavit from a witness with personal knowledge of the jurisdictional facts, Caremark submits its counsel's affidavit in reply, along with a single-page of supporting proof, ostensibly from the State of Delaware website, indicating that "Caremark, Inc." is a domestic corporation. (Docket Entry No. 18, Ex. "E"). The single-page document Caremark's counsel relies upon, however, is contrary to the facts Caremark conceded less than two years ago in *Leavitt*. *See Section A, supra.* In addition, the website from which Caremark's counsel obtained the information submitted to the Court provides another entry for "Caremark Inc." consistent with the findings in *Leavitt* and the position advanced by Caremark and its counsel in prior litigation.

In *Leavitt*, Caremark conceded that it is a citizen of California. Despite the fact that Mr. Wax is Caremark's counsel in both this action and in *Leavitt*, he fails to provide the Court with an explanation of why his client is making inconsistent representations to the Court concerning Caremark's citizenship. Conspicuously absent from Caremark's motion papers, reply papers and filing of today is an affidavit of a Caremark employee with personal knowledge of the operative jurisdictional facts explaining any basis for why it would represent to the DOHHS that it is a California citizen, be adjudged a California citizen in *Leavitt*, and yet some how be incorporated in Delaware—a claim contrary to all other representations. Since this Court has already found that "Caremark Therapeutic Services" is a citizen of California and "Caremark Therapeutic

5

Services" is the plaintiff in this action, any attempt by plaintiff to claim Delaware citizenship should at least be supported by an affidavit from an employee of the Delaware corporation explaining its relationship to "Caremark Therapeutic Services." Caremark did not supply such an affidavit.

Instead, Mr. Wax submits to this Court an unexplained printout from the Delaware state website. (Docket Entry No. 18, Ex. "E"). Significantly, Mr. Wax only printed out one-page, but there are two entries on the site for Caremark entities, which are "Caremark, Inc." and "Caremark Inc." (Seybert Reply Dec., Ex. "3"). The first results in the printout Mr. Wax supplied to the Court. (*Id.*) The second, however, demonstrates that the Caremark entity involved in the instant litigation is a California citizen—not a Delaware citizen. (*Id.*) Caremark and its counsel, Mr. Wax, are playing a "shell game" with the jurisdictional facts. Since Mr. Wax was involved in the *Leavitt* matter, he knows or should know that the representations made in his reply papers and today's submission are inconsistent with his prior representations to this Court in other matters.

Plaintiff's counsel's Affidavit filed today is yet another inappropriate attempt to hide and distort the jurisdictional facts in this case regarding the citizenship of plaintiff. (Docket Entry No. 21). Plaintiff's Complaint in this case is noteworthy for the paucity of jurisdictional facts alleged. Presumably to avoid removal on diversity grounds, the complaint fails to identify the citizenship of any party. Today, Plaintiff misstates the Order issued by Chief Judge Wood as yet another opportunity for it to make new arguments and attempt to change the facts as previously represented to the Court. Moreover, the lateness of this last submission was obviously intended to, once again, deprive UHI from commenting on these additional matters. Contrary to Mr. Wax's representation, Chief Judge Wood did not invite plaintiff to submit additional information

to clarify "the proof" he belatedly submitted with his reply affidavit. (*Id.*) The Order allowing additional submissions was issued to allow UHI to respond to new proof that plaintiff submitted in its belated reply.   (Docket Entry Nos. 19 & 20).

Plaintiff's counsel's recent submission does nothing to clarify the proof already submitted.  To the contrary, Plaintiff's counsel's Affidavit serves only to further contradict prior representations to this Court (see *Leavitt, supra.*) and to raise irrelevant points regarding entities that are not parties to this action .  Manifestly,  "Caremark LLC," "Caremark Rx LLC" and "Caremark International LLC" are not parties to this litigation.  Accordingly, Plaintiff's newest submission regarding these irrelevant entities should be ignored.

Plaintiff's Counsel's Affidavit, however, demonstrates that he has no personal knowledge of the corporate structure or history of his client.  In Plaintiff's Counsel's Affidavit filed today, Mr. Wax  purports to submit new facts that are contrary to his prior representations to this Court in connection with this motion!  In his Reply Affidavit, Mr. Wax claimed that "Caremark, Inc." was a Delaware entity.  (Docket Entry No. 18).  In today's Affidavit, Mr. Wax claims that prior to 2003 "Caremark, Inc." was merged into "Caremark Inc." and only the California entity survived.  (Docket Entry No. 21, at ¶4).  This claim is completely at odds with his representations to this Court less than one month ago.  Plaintiff's counsel's Affidavit of today's date does not even offer a reasonable explanation for this clear contradiction.

Moreover, Plaintiff's Counsel's Affidavit submitted today, which claims that "Caremark, Inc." has not been in existence since prior to 2003, is at odds with Caremark's prior representation to the DOHHS.  In *Leavitt*, the DOHHS submitted the application of "Caremark, Inc." dated October 24, 2004.  (Seybert Sur-Reply Dec., Ex. "1", ¶2).  Accordingly, contrary to

7

Mr. Wax's unsupported claims, "Caremark, Inc.," based in California, was in existence after 2003.

In addition, Mr. Wax's latest Affidavit also offers an e-mail that purports to describe the corporate change of "Caremark, Inc." This e-mail, which claims that "Caremark Inc." no longer exists, is contrary to the Delaware state website relied upon by Mr. Wax in his reply affidavit. (Seybert Sur-Reply Dec., Ex. "3"). Notably, these emails are not sworn documents and, at best, are nothing more than rank hearsay, with no probative value whatsoever. Accordingly, Mr. Wax's improperly supported factual allegations in his Affidavit filed today must be ignored. *See Insussary* v. *Administaff Companies, Inc.*, No. 98 Civ. 5404(AKH), 1999 WL 305102, *3 (S.D.N.Y. May 14, 1999). This is particularly so where his own sworn statements to this Court - on this very motion - cannot be reconciled with each other or plaintiff's prior representations to this Court and the DOHHS.

Since Caremark's "proof" of citizenship in Delaware is inaccurate and misleading, the Court should ignore it and deny plaintiff's motion for remand.

## POINT II

### DIVERSITY OF CITIZENSHIP JURISDICTION EXISTS BECAUSE ANCILLARY HAS NOT BEEN SERVED

28 U.S.C. §1332(a)(1) provides for diversity of citizenship jurisdiction when the parties are citizens of different states. Caremark claims that both Ancillary and itself are citizens of Delaware, and therefore, the parties lack complete diversity. Caremark, however, has not provided proof that it properly joined Ancillary as a party to this action. Caremark filed proofs of service, claiming to have served UHI and the Plan. Caremark has not filed proof of service that Ancillary has been served. (Docket Entry No. 7, Ex. "A"; Seybert Sur-Reply Dec., Ex. "4").

8

Thus, Ancillary remains a non-party and its citizenship is irrelevant to the diversity of citizenship analysis.

A defendant named in the caption is not a party to a litigation merely due to that fact. Due process requires that a defendant also be properly served or waive service of a copy of the Summons and Complaint in order to make the defendant a party to the litigation. FED. R. CIV. PROC. 4. In *In re Flag Telecom Holdings, LTD Securities Litigation*, 308 F. Supp. 2d 249 (S.D.N.Y. 2004), the court refused to recognize additional persons named in the caption of the complaint as parties to the action when they had not been served, and *sua sponte* dismissed all claims against those defendants. *Id.* at 252 n. 2. Additionally, in *Pieczenik* v. *Cambridge Antibody Technology Group*, No. 03 Civ. 6336(SAS), 2004 WL 527045 (S.D.N.Y. Mar. 16, 2004), the court also refused to consider a defendant as a party to the litigation, where plaintiff had failed to serve that defendant with a summons and complaint. *Id.* at *1 n. 2.

Since Caremark has not served Ancillary, it is not a party to this action. Therefore, regardless of Caremark's questionable claims of Delaware citizenship, complete diversity exists because UHI is a citizen of Connecticut and the Plan is a citizen of Ohio. (Docket Entry Nos. 17-7, ¶2; 17-4).

## POINT III

### DIVERSITY OF CITIZENSHIP JURISDICTION EXISTS BECAUSE ANCILLARY HAS BEEN FRAUDULENTLY JOINED AS A PARTY

Second Circuit precedent requires that the District Court ignore the citizenship of a party fraudulently joined to destroy diversity of citizenship jurisdiction in determining whether to remand an action. *See Whitaker* v. *American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001). A party is fraudulently joined when that party destroys diversity of citizenship jurisdiction and "there is no possibility, based on the pleadings, that plaintiff can state a cause of action against

[that defendant] in state court." *Pampillonia* v. *RJR Nabisco, Inc.*, 138 F.3d 459, 462 (2d Cir. 1998).

Caremark's Complaint does not include any cognizable claim against Ancillary. Caremark specifically names Ancillary in the caption of the Complaint only, and does not identify any activity by Ancillary that might form the basis of an actionable claim. The only allegation plaintiff claims against Ancillary is that Ancillary, as collectively grouped with all other defendants, allegedly "issued health insurance under policy no. 970248841, group no. 702497, concerning the patient [Thomas] Allen Everett." (Complaint, ¶4).

Ancillary did not issue any health insurance policy as alleged by plaintiff. UHI previously produced a copy of the group contract for group no. 702497, which is a contract between UHI and Cintas, in which UHI agreed to provide administrative services for the s*elf-funded plan* established by Cintas. (Docket Entry No. 17-9). It is not a health insurance policy as Caremark claims. (*Id.*) In any event, the group contract makes no mention of Ancillary and thus, Caremark cannot establish any obligation owed by Ancillary to Caremark based upon the group contract. It is also abundantly clear that Ancillary is not a licensed insurer. Ancillary offers claims management services.[1] Ancillary does not represent itself to be an insurance company in its description of the services it renders.

Finally, Caremark's cause of action against all defendants collectively, is based on the allegation that the "treatment [rendered by Caremark] to the patient is covered under defendants' health insurance policy No. 970248841, group No. 702497." (Docket Entry No. 16, Complaint, ¶8). Since Caremark's only stated basis for recovery against Ancillary is premised upon the allegation that Ancillary issued a group policy, Caremark's claim is not viable in this Court or in state court, because Ancillary is not a party to the group contract.

---

[1] http://www.acmcentral.com/AcmCorp/what.html  <visited Aug. 28, 2007>.

Therefore, Ancillary has been fraudulently joined and this Court should retain jurisdiction regardless of Caremark's dubious claim that it shares the same state of incorporation as Ancillary.

## POINT IV

### THIS COURT SHOULD ALSO RETAIN JURISDICTION BASED ON FEDERAL QUESTION GROUNDS

This Court should also deny Caremark's motion to remand because federal question jurisdiction exists. 28 U.S.C. §1331.[2] On June 22, 2007, UHI removed the action on federal question grounds because Caremark's claims were completely preempted by ERISA. (Docket Entry Nos. 1 & 16). Caremark filed its motion to remand the action on the ground that it served process on UHI on May 22, 2007 and thus, UHI's removal was filed one day late. (Docket Entry No. 7). Caremark's Affidavit of Service reflects that Caremark's process server served the Summons and Complaint on a person named "Nelmira Garnes" at One Penn Plaza, New York, NY. (*Id.*, Ex. "A"). UHI opposed Caremark's motion because: (1) UHI does not maintain an office at One Penn Plaza; (2) Ms. Garnes is not an employee of UHI; and (3) Ms. Garnes is not an agent authorized to accept service of process on behalf of UHI.

The dispositive issue on this point is whether Caremark properly effected service on UHI on May 22, 2007 as its proof of service claims. The issue is not whether Caremark acted with diligence in attempting to effectuate service on UHI. Diligence is not an antidote for failing to properly serve the party.

At best, Caremark's Affidavit of Due Diligence merely proves UHI's point and does nothing to further its claim that it properly served UHI. (Docket Entry No. 18, Ex. "B").

---

[2] In accord with Chief Judge Wood's Order, UHI does not submit any additional evidence on this point but is responding to new evidence submitted by Caremark in its reply. (Docket No. 19). UHI objected to plaintiff's improper submission of new evidence in its reply by letter dated August 9, 2007. (Docket Entry No. 20).

11

Caremark's Affidavit of Due Diligence, attesting that an unidentified doorman "stated the defendant is . . . located at One Penn Plaza, New York, NY" is hardly dispositive.  Manifestly, a doorman at a city building does not have the requisite legal knowledge to give advice on how or where to properly effectuate service on a corporation.  Caremark's claimed diligence does not change the fact that it failed to serve an agent for service of process for UHI.  Service made on a person that was mistakenly believed to be an authorized agent for service of process is not adequate service under New York Civil Practice Law and Rules §§308(1) and 311(a)(1).

## CONCLUSION

For the foregoing reasons and those set forth in UHI's opposition to Caremark's motion to remand, this Court should deny Caremark's motion for remand and award UHI attorney's fees and costs for having to oppose this motion.

Dated: New York, New York
       August 31, 2007

    Respectfully submitted,
    SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: s/_____
Michael H. Bernstein (MB-0579)
John T. Seybert (JS-5014)
*Attorneys for Defendant*
**UNITED HEALTHCARE INSURANCE COMPANY i/s/a UNITED HEALTH CARE**
125 Broad Street - 39th Floor
New York, New York 10004-2400
(212) 422-0202

TO: Abraham Wax, Esq.
    Abraham Wax, P.C.
    Attorney for Plaintiff
    750 Third Avenue
    New York, NY 10017
    (212) 922-9004

## CERTIFICATE OF SERVICE

    I, MICHAEL H. BERNSTEIN, hereby certify and affirm that a true and correct copy of the attached **MEMORANDUM OF LAW** was served via ECF and Regular Mail on this 31st day of August, 2007, upon the following:

>Abraham Wax, Esq.
>Abraham Wax, P.C.
>Attorney for Plaintiff
>750 Third Avenue
>New York, NY 10017

                                  s/
                                  MICHAEL H. BERNSTEIN (MB-0579)

Dated:    New York, New York
              August 31, 2007