UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CAREMARK, INC., d/b/a CAREMARK
THERAPEUTIC SERVICES,

        Plaintiff,

-v-                                          No. 07 Civ. 5941 (LTS)(FM)

UNITED HEALTH CARE, ANCILLARY CARE
MANAGEMENT, and THE CINTAS
CORPORATION HEALTH PLAN,

        Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 4 2007

## ORDER GRANTING MOTION TO REMAND

        On or about May 3, 2007, Plaintiff Caremark, Inc. ("Plaintiff") commenced an action against Defendants United Health Care, Ancillary Care Management, and Cintas Corporation Health Plan in the Supreme Court of the State of New York, New York County. On May 22, 2007, Plaintiff served the summons and the verified complaint on Defendant United Health Care at an address listed on a United Health Care website. United HealthCare Insurance Co. ("UHI"), asserting that it, rather than United Health Care, is the proper defendant in this suit, filed a Notice of Removal in this Court on June 22, 2007, thirty-one days after United Health Care was served. Plaintiff now moves pursuant to 28 U.S.C. § 1447(c) to remand the action to state court, arguing that the notice of removal was untimely.

        In order to remove a state court action, "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

proceeding is based." 28 U.S.C. § 1446(b). Defendant United Health Care did not file a notice of removal within thirty days of its receipt of the summons and verified complaint.

According to the Affidavit of Plaintiff's attorney, Abraham Wax, dated August 8, 2007, (see Docket Entry 18) Wax visited the web site of United Health Care and accessed its contact information page. (See Wax Aff. dated August 8, 2007 Ex. C.) The web site, which displays a prominent "UnitedHealthcare" logo on the top of each page, listed two New York City addresses for United Health Care, one on the 8th Floor of 1 Penn Plaza and the other on the 7th Floor of 2 Penn Plaza. Wax instructed the process server, Charles F. Mon, to make service at 2 Penn Plaza. Mon arrived there on May 22, 2007, and was instructed by the doorman to go to 1 Penn Plaza. (Wax Aff. dated August 8, 2007 ¶ 3.) Mon then proceeded to the 8th Floor of 1 Penn Plaza and served a woman named Nelmira Garnes, who informed him that she was authorized to accept service of the summons and complaint on behalf of United Health Care. (Wax Aff. dated July 9, 2007 ¶ 4; Aff of Service, annexed to Wax Aff. dated July 9, 2007 as Ex. A.) UHI does not dispute any of these proffered facts. Rather, it contends that Ms. Garnes is not a UHI employee and asserts that UHI did not receive the summons and complaint until two days after Plaintiff effected service, such that the time for removal should be calculated to run from May 24, 2007, and that the removal should therefore be held timely.

The Court finds that, service having been effectuated on the named defendant on May 22, 2007, the notice of removal was untimely and remand is warranted. See also Fashion Page, Ltd., v. Zurich Ins. Co., 50 N.Y.2d 265, 272-74 (N.Y. 1980) (service proper when process server reasonably relied on representation of one with apparent authority).

UHI filed an amended notice of removal on July 17, 2007, asserting diversity pursuant to 28 U.S.C. § 1332 as the basis for federal jurisdiction and that the amended petition is timely under 28 U.S.C. § 1446(b), which permits a party to file a notice of removal, in situations where the case

stated by the initial pleading is not removable,

> within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

UHI's diversity removal argument is not, however, premised on any amended pleading or other paper served by the Plaintiff. Rather, UHI argues that it uncovered the relevant information on its own. (See Def.'s Mem. in Opp'n at 9.) The section 1446(b) extension of time for removal is thus inapplicable.

Therefore, Plaintiff's motion to remand is granted and this action is hereby remanded to the Supreme Court of the State of New York, New York County. The Clerk of Court is respectfully requested to effectuate the remand and close this case.

Dated:     New York, New York
           September 24, 2007

_/s/ Laura Taylor Swain_
LAURA TAYLOR SWAIN
United States District Judge