UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC     Civil Action No.:
SERVICES,                                       07 Civ. 5941 (LTS) (FM)

                          Plaintiffs,

    -against-                                    **ORAL ARGUMENT &**
                                                **EVIDENTIARY HEARING**
UNITED HEALTH CARE, ANCILLARY CARE              **REQUESTED**
MANAGEMENT, and THE CINTAS CORPORATION
HEALTH PLAN,
                          Defendants.
-------------------------------------------------------------------X

# DEFENDANT UNITED HEALTHCARE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REARGUE REMAND ORDER

SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004
(212) 422-0202 telephone
(212) 422-0925 facsimile

*Attorneys for Defendant*
United HealthCare Insurance Company i/s/a
United Health Care

Of Counsel:
    Michael H. Bernstein, Esq.
    John T. Seybert, Esq.

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

    POINT I
    PLAINTIFF'S PROCESS SERVER'S AFFIDAVIT OF SERVICE DOES NOT
    ESTABLISH CONCLUSIVELY THAT THE INDIVIDUAL SERVED HAD
    APPARENT AUTHORITY TO ACCEPT SERVICE............................................................3

        A.    THE COURT INCORRECTLY ASSUMES THAT NELMIRA GARNES
            STATED SHE WAS A GENERAL AGENT FOR SERVICE OF PROCESS
            ON UHI ..........................................................................................................................3

        B.    THE COURT IMPROPERLY RELIED ON INADMISSIBLE HEARSAY
            STATEMENTS CONTAINED IN PLAINTIFF'S AFFIDAVIT OF
            SERVICE AND AFFIDAVIT OF DUE DILIGENCE ...........................................5

        C.    UHI DISPUTED PLAINTIFF'S PROFFERED FACTS CONCERNING
            SERVICE.........................................................................................................................6

    POINT II
    THE COURT'S INTERPRETATION OF 28 U.S.C. §1446(b) IS INCORRECT..................10

CONCLUSION ...............................................................................................................................12

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Akin v. Big Three Industs., Inc.*,
851 F. Supp. 819, 824 (E.D. Tx. 1994) .......................................................................... 12

*Colon v. National Car Rental*,
No. 92 Civ. 8503 (CSH), 1993 WL 227596 (S.D.N.Y. Jun. 21, 1993) .......................... 11

*Fisher v. Bangor Punta Corp.*,
No. 85 Civ. 0497-CSH, 1987 WL 8650 (S.D.N.Y. Mar. 27, 1987) ............................... 11

*Gilardi v. Acthison, Topeka & Santa Fe Railway Co.*,
189 F. Supp. 82 (N.D. Ill. 1960) ..................................................................................... 10

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
No. 1:00-1898, 2006 WL 1004725 (S.D.N.Y. Apr. 17, 2006) ....................................... 10

*Lovern v. General Motors Corp.*,
121 F.3d 160 (4th Cir. 1997) .......................................................................................... 11

*Morschauser v. American News Corp.*,
158 F. Supp. 517 (S.D.N.Y. 1958) ................................................................................. 11

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999) ......................................................................................................... 9

## STATE CASES

*Coler v. Pittsburgh Bridge Co.*,
146 N.Y. 281 (N.Y. 1895) ............................................................................................ 8, 9

*Fashion Page, Ltd. v. Zurich Ins. Co.*,
50 N.Y.2d 265, 428 N.Y.S.2d 890 (N.Y. 1980) ............................................................... 8

*Foster v. Plasecki*,
259 A.D.2d 804, 686 N.Y.S 184 (3d Dep't 1999) ............................................................ 9

*In re Pullo*,
224 A.D.2d 698, 638 N.Y.S.2d 743 (2d Dep't 1996) ....................................................... 4

## FEDERAL STATUTE

28 U.S.C. §1446(B) ........................................................................................ 2, 9, 10, 11, 12

Page

**FEDERAL RULES OF EVIDENCE**

Fed. R. Evid. 802 ............................................................................................................... 5

Fed. R. Evid. 803(c) ........................................................................................................... 5

**NEW YORK CIVIL PRACTICE LAW & RULES**

N.Y. C.P.L.R. §311(a) ........................................................................................................ 9

**SECONDARY MATERIALS**

14C Charles Alan Wright & Arthur R. Miller,
Fed. Prac. & Proc. Juris. §3732, at 300 (3d ed. 2007) ................................................. 10

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of defendant United HealthCare Insurance Company ("UHI"), incorrectly sued herein as "United Health Care" in support of its motion to reargue plaintiff's motion to remand, and specifically address the Court's conclusions of law and fact underlying its September 24, 2007 Order (the "Remand Order") granting plaintiff's motion.

First, it is respectfully submitted that the Court erred in concluding that plaintiff properly effected service on UHI on May 22, 2007. In the Remand Order, the Court incorrectly concluded that service was proper because plaintiff's process server stated in his affidavit of service and affidavit of due diligence that he delivered the summons and complaint to "Nelmira Garnes," a person he "knew" to be an authorized agent at UHI, at an office location purportedly belonging to UHI, based upon information provided by an unnamed doorman in another building than the one where service was made. In reaching these factual conclusions, the Court appears to have misconstrued the Affidavit of Service offered by plaintiff's process server; may have accepted inadmissible hearsay evidence as competent proof; and misinterpreted the governing rules of Federal Rules of Civil Procedure and New York Civil Practice concerning individuals authorized to accept service of process for a corporation.

Specifically, plaintiff's process server's Affidavit of Service does not reflect that Ms. Garnes informed him she was a "general agent" and could accept service. Indeed, despite the Court's recitation of statements purportedly made by Ms. Garnes (Remand Order, p. 2), the Affidavit of Service makes no reference to such statements, which would be hearsay proof even if such statements had been made. Moreover, the admissible and undisputed facts demonstrate that Ms. Garnes is not and was not authorized to accept service on behalf of UHI and, in fact, was not employed by UHI. Plaintiff's process server's Affidavit of Service merely states that he "knew" Ms.

1

Garnes to be an authorized agent for service on UHI, without stating any basis for that conclusion. In light of UHI's proof directly contradicting the process server's representations, the basis for plaintiff's claims of proper service based on those representations is highly doubtful. At the very least, the Court should hold an evidentiary hearing on the circumstances of service, given the conflicting proof submitted.

Second, it is respectfully submitted that the Court misapplied the requirements of 28 U.S.C. §1446(b) to find that UHI may remove on diversity of citizenship grounds only after receipt of an "amended pleading or other paper *served by plaintiff*." (emphasis supplied). UHI submits that 28 U.S.C. §1446(b) permits (indeed requires) it to conduct independent research concerning jurisdictional facts for removal, particularly in a case such as this where plaintiff's complaint is utterly devoid of such information. The statute states that removal is timely when it is effected "within thirty days after receipt by the defendant, through service *or otherwise*. . . of *other paper* from which it may be first ascertained that the case is. . .removable. . ." (emphasis supplied). In fact, courts have ruled that a defendant such as UHI is obligated to perform independent research and due diligence to ascertain the existence of diversity of citizenship. Thus, the Court's ruling that the basis for removal must be a document served by plaintiff is contrary to a fair reading of the statute and case law.

It is therefore respectfully requested that the Court reconsider its initial ruling and upon doing so, deny plaintiff's motion to remand or at a minimum schedule an evidentiary hearing on the issue of plaintiff's claimed service of process on UHI.

**POINT I**

**PLAINTIFF'S PROCESS SERVER'S AFFIDAVIT OF SERVICE DOES NOT ESTABLISH CONCLUSIVELY THAT THE INDIVIDUAL SERVED HAD APPARENT AUTHORITY TO ACCEPT SERVICE**

In the Remand Order, the Court ruled that service was properly effected on UHI on May 22, 2007 based exclusively on the process server's Affidavit of Service and plaintiff's counsel's non-evidence statements in his supporting affidavits. However, upon close inspection, the Court's conclusion appears to misconstrue the admissible proof because: (A) the Court incorrectly cited to facts not set forth in the Affidavit of Service of the process server, Charles F. Mon, (Docket No. 8); (B) the Court relies solely upon hearsay evidence to reach its conclusion; (C) the Court ignored UHI's evidence in admissible form that contradicts plaintiff's submissions and process server's Affidavit of Service; and (D) the facts as outlined by the Court, even if accepted as true, do not demonstrate that UHI cloaked the claimed recipient of service with "apparent authority" to do so.

**A.   THE COURT INCORRECTLY ASSUMES THAT NELMIRA GARNES STATED SHE WAS A GENERAL AGENT FOR SERVICE OF PROCESS ON UHI**

In reaching its conclusion that plaintiff properly effectuated service on UHI, the Court mistakenly concluded that "a woman named Nelmira Garnes[] informed [the process server] that she was authorized to accept service of the summons and complaint on behalf of United Health Care." (Docket No. 24, at 2). In his Affidavit of Service, Charles F. Mon states that "the deponent knew the person so served to be the GENERAL AGENT, NELMIRA GARNES AUTHORIZED TO ACCEPT ON BEHALF of the corporation." (Docket No. 8). Mr. Mon does not explain how he gained this knowledge, nor does he claim that Ms. Garnes informed him that she was authorized to accept service for UHI. Mr. Mon's Affidavit of Service does not provide enough specificity for the Court to conclude that Ms. Garnes represented to Mr. Mon that that she was a "General Agent"

3

authorized to accept service of process on behalf of UHI and therefore, the Court's conclusion that this information was available in any form is in error.[1]

Contrary to this Court's finding, the New York State Appellate Division for the Second Department has ruled that an affidavit of service stating substantially the same facts as Mr. Mon's Affidavit of Service is insufficient to demonstrate apparent authority. In *In re Pullo*, 224 A.D.2d 698, 699, 638 N.Y.S.2d 743, 743 (2d Dep't 1996), the process server claimed that "the person who accepted the subpoena was a managing agent." The Appellate Division rejected the argument that such statement demonstrates authority, actual or apparent, because there was no evidence that the person served "was authorized by appointment or law to accept service on the corporation's behalf" and the statement was conclusory. *Id.*

In the matter *sub judice*, UHI submitted the Declaration of Mabel Suzanne Fairley (Docket No. 17-7), who is employed by the parent company of UHI and has personal knowledge of the operative facts, explaining that Ms. Garnes could not be a "General Agent" for service of process because (1) UHI has no record of employing a person by that name; (2) UHI did not appoint Ms. Garnes as an agent for service of process; and (3) the Summons was not delivered to a UHI office. (Docket No. 17-7, ¶¶2-5). UHI's affidavit also identified its General Agent for service of process in New York – CT Corporation (*id.* at ¶6), (which information is publicly available to those who bother to do such research).

Furthermore, the Court's conclusion that Mr. Mon's Affidavit of Service establishes that UHI cloaked Ms. Garnes with apparent authority cannot be reconciled with the evidence. The admissible

---

[1] Plaintiff's counsel claims that the reason he instructed his process server to attempt to effectuate service on UHI at Two Penn Plaza rather than CT Corporation, UHI's general agent for service of process in New York, was because of internet research he performed. He claims to have "discovered in New York City two places of doing business [for UHI], 1 Penn Plaza, and 2 Penn Plaza, in Manhattan. We instructed the process server, Charles F. Mon to make service at 2 Penn Plaza. He went there and the doorman directed him to go to 1 Penn Plaza." (Docket No. 18, ¶3). Conspicuous by its absence is any claim by plaintiff's counsel that the website advised plaintiff counsel that these offices were the appropriate place for service of process.

4

evidence shows that Ms. Garnes (whomever she may be) was not employed by UHI nor was she an agent for service on UHI's behalf. Mr. Mon's statement that he "knew the person so served to be the general agent" is conclusory and cannot overcome UHI's non-conclusory factual representation that Ms. Garnes had no authority to accept service on its behalf, was not "cloaked" with such authority by UHI or that she even has any relationship with UHI to conclude she had "apparent authority" to accept service.

**B.  THE COURT IMPROPERLY RELIED ON INADMISSIBLE HEARSAY STATEMENTS CONTAINED IN PLAINTIFF'S AFFIDAVIT OF SERVICE AND AFFIDAVIT OF DUE DILIGENCE**

In its Remand Order, the Court improperly relied upon two inadmissible hearsay statements contained in the Affidavit of Service (Docket No. 8) and the Affidavit of Due Diligence (Docket No. 18-2). Under the Federal Rules of Evidence hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 803(c). Under Rule 802, FED. R. EVID., "[h]earsay is *not* admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." (Emphasis supplied).[2]

The first hearsay statement appears in the Affidavit of Service sworn to by plaintiff's process server. According to the Court, "a woman named Nelmira Garnes[] *informed him* that she was authorized to accept service of the summons and complaint on behalf of United Health Care." (Docket No. 24 at 2) (emphasis supplied). As noted above, Mr. Mon's Affidavit does not include this statement. To the extent that Mr. Mon's Affidavit could be read to conclude that Ms. Garnes told him she was authorized to accept service, that statement is hearsay. Plaintiff did not provide a sworn statement by Ms. Garnes, stating that she is authorized to accept service on behalf of UHI.

---

[2] Also, it should be noted that Your Honor provides in Rule 2. E. of the Individual Practices of Judge Laura Taylor Swain that all "evidentiary support" for a motion must be in "admissible form."

5

Thus, any statements attributable to Ms. Garnes are inadmissible because they do not meet any recognized exception to the hearsay rule.[3]

The second hearsay statement appears in Mr. Mon's Affidavit of Due Diligence (Docket No. 18-2), claiming that he "spoke with the doorman, *who stated* the defendant is not at this location and that they are located at One Penn Plaza, New York, NY." (Emphasis supplied). This statement, from an unidentified man, is offered for the purpose of proving to the Court that UHI's address for service of process is One Penn Plaza. The unnamed doorman's statement is textbook hearsay and, similarly, does not meet any recognized exception under the Federal Rules of Evidence for admission. Thus, it may not be considered as evidence.

Consequently, this Court's findings that "service had been effectuated on the named defendant on May 22, 2007" (Docket No. 24) is in error because it is based upon inadmissible hearsay statements contained in the Affidavit of Service (Docket No. 7) and the Affidavit of Due Diligence (Docket No. 18-2). In order for the Court to reach this factual conclusion set forth in the Remand Order, it would need to hold an evidentiary hearing to obtain the testimony of Nelmira Garnes, and possibly the unidentified "doorman," to ensure that these individuals will actually testify in a manner consistent with the hearsay proof offered by plaintiff.

C.  **UHI DISPUTED PLAINTIFF'S PROFFERED FACTS CONCERNING SERVICE**

In the Remand Order, the Court incorrectly found that UHI did not dispute any of the salient facts concerning service. That conclusion, however, is not supported by the record. In fact, UHI demonstrated with admissible evidence that: (1) UHI does not maintain an office in New York City (Docket No. 17-7, ¶3), contradicting the unidentified doorman's hearsay statements that it does; (2) UHI does not and did not employ a person by the name of "Nelmira Garnes" (*id.*, ¶4), dispelling any

---

[3] It should be noted that no objections were raised concerning the admissibility of this hearsay statement in the initial briefing, because no such statement appears in any of the initial motion papers. In its Remand Order, the Court found that there was an apparent exchange between Ms. Garnes and Mr. Mon. *See* POINT I, A., *supra*.

6

NY/511067v1

notion that UHI cloaked Ms. Garnes with apparent authority; and (3) UHI did not authorize "Nelmira Garnes" to accept service on its behalf (*id.*, at ¶5), refuting any claims of apparent authority. Whether or not plaintiff's process server delivered the Summons and Complaint to a woman named Nelmira Garnes on May 22, 2007 is not the relevant inquiry. Rather, the Court must, of necessity, determine whether such service comports with the rules governing service of process on a foreign corporation in the State of New York. Defendant UHI submits that it does not and therefore, plaintiff never properly effectuated service of process on UHI.

In its opposition to plaintiff's remand motion, UHI submitted the Affidavit of Mabel Suzanne Fairley (Docket No. 17-7) (a person with personal knowledge of the operative facts concerning UHI) who properly refutes plaintiff's process server's unsupported conclusory statements that Nelmira Garnes is either employed by or authorized to accept service on behalf of UHI. Ms. Fairley states that UHI is a Connecticut Corporation with its principal place of business in Connecticut. (*Id.* at ¶2.) Ms. Fairley also explains that "UHI does not occupy an office at One Penn Plaza, 8th Floor, New York, New York." (*Id.* at ¶3). Despite this clear statement directly contradicting the unidentified "doorman" in the adjoining building, the Court incorrectly accepted the hearsay statement of the "doorman" as true. Thus, it appears that the Court incorrectly accepted the inadmissible hearsay statement of an unidentified "doorman" over and above admissible evidence contained in an affidavit by a person with personal knowledge of UHI setting forth the relevant information concerning UHI's corporate structure and identifying its affiliated corporations.

The Court concludes, incorrectly, that "UHI does not dispute" that Mr. "Mon then proceeded to the 8th Floor of 1 Penn Plaza and served a woman named Nelmira Garnes, who informed him that she was authorized to accept service of the summons and complaint on behalf of United Health Care." (Docket No. 24, at 2). While UHI is no position to dispute whether "Nelmira Garnes" (or

NY/511067v1

some other person) made such a statement to Mr. Mon (which is hearsay in any event), UHI did provide undisputed evidence that Ms. Garnes's hearsay statements, whomever she may be, are wrong. Ms. Fairley's Affidavit establishes that Ms. Garnes is <u>not</u> employed by UHI. (Docket No. 17-7, ¶4). Ms. Fairley's Affidavit further establishes that Ms. Garnes is <u>not</u> an appointed agent for service of process. (*Id.* at ¶5). Accordingly, the record clearly demonstrates that UHI did dispute the operative facts underlying plaintiff's claim that service of process was effectuated on it on May 22, 2007.

For these reasons, the Court's reliance on *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 428 N.Y.S.2d 890 (N.Y. 1980) in finding that UHI cloaked Ms. Garnes with apparent authority to accept service of process is misplaced. In *Fashion Page, Ltd.*, the defendant company's receptionist directed the process server to the recipient-employee, who acknowledged that she had authority to accept service. *After a hearing was held*,[4] the Referee concluded that the recipient-employee routinely accepted service of process without objection by the defendant company's legal department for over five years and that she personally accepted about half of all summonses served on the defendant company. *Id.* at 270, 428 N.Y.S.2d at 892. In finding apparent authority, the New York Court of Appeals was careful to distinguish other cases where apparent authority does not exist, noting:

> Nor is it always reasonable, under all circumstances, for the process server to rely on claims of authority made by the defendant's employees. For instance, a remark made by an employee, temporarily visiting the State, that he represents the corporation has been held insufficient to establish his authority to accept process on its behalf.

*Id.* at 273, 428 N.Y.S.2d at 894 (citing *Coler v. Pittsburgh Bridge Co.*, 146 N.Y. 281 (N.Y. 1895) (holding that representative of foreign corporation in New York was not proper party for service)).

---

[4] No evidentiary hearing was ever held in the instant matter.

8

The facts in *Fashion Page, Ltd.* are completely distinguishable from the facts in the instant matter. First, unlike the recipient in *Fashion Page, Ltd.*, Ms. Garnes was not an employee of UHI and the record is devoid of any evidence to suggest that Ms. Garnes had ever previously accepted service on behalf of UHI. Under New York law, "personal service upon a corporation . . . shall be made by delivering the summons. . .to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to accept service." N.Y. C.P.L.R. §311(a). Unrebutted evidence establishes that Ms. Garnes was none of these.[5] Numerous cases have held that service on an employee, without evidence that the person is one of the enumerated parties in N.Y. C.P.L.R. §311(a), is not proper service in the State of New York. *See Coler, supra.*; *Foster v. Plasecki*, 259 A.D.2d 804, 805, 686 N.Y.S 184, 186 (3d Dep't 1999) (service on a receptionist is not good service).

Finally, the Court incorrectly states that UHI conceded it was served on May 24, 2007. This is not the case. To the contrary, UHI asserted that "plaintiff has never effectuated service upon UHI." (Docket No. 17, at 8). Although UHI did receive a copy of the Summons and Complaint on May 24, 2007 it is not known if these are the same papers served on Nelmira Garnes. But more importantly, even if these are the same papers, UHI was not properly served with them and therefore, its time to remove the action was not triggered. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

It is respectfully submitted that the Court overlooked some facts and misconstrued others in determining that plaintiff properly effectuated service of process on defendant UHI. On reargument, the Court should revisit the proof in light of the arguments set forth herein and upon doing so, deny plaintiff's motion to remand.

---

[5] Even Mr. Mon does not claim that Ms. Garnes falls under any category other than a "general agent." Again, his submission fails to specify the source of that knowledge and UHI's submissions contradict this conclusory statement.

## POINT II

## THE COURT'S INTERPRETATION OF 28 U.S.C. §1446(b) IS INCORRECT

The federal statute governing timing of diversity of citizenship removal provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service *or otherwise*, of a copy of an amended pleading, motion, order, *or other paper* from which it may first be ascertained that the case is one which is or has become removable . . .

28 U.S.C. §1446(b) (Emphasis supplied). In its Remand Order, the Court concluded that defendant may only remove the action if the removal is "premised on an[] amended pleading or other paper served by the Plaintiff." (Docket No. 24, at 3). It is respectfully submitted that this interpretation is in error. The plain text of the statute does not limit removal to those circumstances created by plaintiff's service of an amended pleading or other papers. Rather, it is defendant's receipt of "other paper" "through service or otherwise" that permits removal. Consequently, the Court's Removal Order is in error since it denied defendant the right to remove following receipt of "other paper" demonstrating that diversity jurisdiction exists.

Numerous courts have held that "other paper," as used in the statute need not be served by plaintiff in order to trigger the extension set forth under 28 U.S.C. §1446(b). 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. JURIS. §3732, at 300 (3d ed. 2007) (identifying various documents which were found to be "other paper"); *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 1:00-1898, 2006 WL 1004725, at *3 n. 40 (S.D.N.Y. Apr. 17, 2006).

In *Gilardi v. Acthison, Topeka & Santa Fe Railway Co.*, 189 F. Supp. 82, 84 (N.D. Ill. 1960), the court disagreed with plaintiff's interpretation of 28 U.S.C. §1446(b), where he argued that the defendant could not remove the action without the plaintiff doing some "voluntary act," such as service of an amended pleading. The defendant removed the action to federal court based upon the

testimony given at the plaintiff's deposition. The court found that the deposition was "other paper" sufficient to trigger defendant's time to seek removal. The court further rejected plaintiff's arguments, stating:

> Plaintiff mistakenly contends that the case may be ascertained to be removable only as a result of some voluntary act on his part. He apparently has confused the situation—where the case stated initially is not removable but later becomes removable because of some voluntary act on the part of the plaintiff—with cases like the one at bar where the case stated always was removable but is not ascertained removable until a later time.

*Id.* at 84-85.

In this matter, UHI garnered sufficient information, shortly after plaintiff moved to remand the action, demonstrating the jurisdictional facts supporting diversity of citizenship. Defendant UHI immediately filed an amended Notice of Removal (Docket No. 16). UHI was entirely within its rights—indeed duty bound—to remove once these facts were discovered. *See Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case '*stated* by the initial pleading' not removable, the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than one year shall have passed from the date of the initial pleading."). A number of decisions in the Southern District of New York require a defendant to file the removal papers as soon as it determines diversity of citizenship jurisdiction exists. *See Morschauser v. American News Corp.*, 158 F. Supp. 517, 520 (S.D.N.Y. 1958) (suggesting that a defendant may be "held to the knowledge in its records as to where its employees lived."); *see also, Colon v. National Car Rental*, No. 92 Civ. 8503 (CSH), 1993 WL 227596 (S.D.N.Y. Jun. 21, 1993); *Fisher v. Bangor Punta Corp.*, No. 85 Civ. 0497-CSH, 1987 WL 8650 (S.D.N.Y. Mar. 27, 1987).

Here, the Remand Order rewards plaintiff for not alleging jurisdictional facts with sufficient particularity. In fact under the Court's interpretation of 28 U.S.C. §1446(b), plaintiff can avoid removal by: (1) not properly identifying parties, *i.e.* "United Health Care," "Ancillary Care Management," "Caremark, Inc."[6]; (2) not alleging the citizenship of these parties; and (3) not amending the pleading for a year from the start of the case. This interpretation is not consistent with the goals of the removal statute as it is not "a deterrent to the plaintiff seeking to disguise the true federal character of a claim." *Akin v. Big Three Industs., Inc.*, 851 F. Supp. 819, 824 (E.D. Tx. 1994).

Finally, the Court's interpretation merely exalts form over substance, because UHI may remove this action at some later date when plaintiff supplies the information necessary to establish diversity in a court document rather than UHI doing independent research to establish diversity. The issue of diversity of citizenship of the parties has been fully briefed and ventilated. The Court is aware of the operative material facts based on the substantial record created in the initial motion briefing. Accordingly, the Court should revisit this issue and rule that remand is improper on the grounds of diversity of citizenship as well as federal question jurisdiction.

## CONCLUSION

For the foregoing reasons the Court should reconsider its Order Granting Motion To Remand (Docket No. 24) and deny Caremark's motion for remand.

---

[6] Plaintiff counsel's Affidavit dated August 31, 2007 (Docket No. 21, ¶4), claims that "Caremark, Inc.," the named plaintiff no longer exists. These claims are contrary to plaintiff's counsel's prior representation that "Caremark, Inc." is in existence and is a Delaware corporation. (Docket No. 18, ¶5). And contrary to both of these prior representations, plaintiff represented to the federal government that it was a California corporation. (Docket No. 22-3, at 9).

Dated: New York, New York
       October 9, 2007

                                  Respectfully submitted,
                                  SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
     Michael H. Bernstein (MB-0579)
     John T. Seybert (JS-5014)
     *Attorneys for Defendant*
     **UNITED HEALTHCARE INSURANCE**
     **COMPANY i/s/a UNITED HEALTH CARE**
     125 Broad Street - 39th Floor
     New York, New York 10004-2400
     (212) 422-0202

TO:    Abraham Wax, Esq.
        Abraham Wax, P.C.
        Attorney for Plaintiff
        750 Third Avenue
        New York, NY 10017
        (212) 922-9004

## CERTIFICATE OF SERVICE

I, MICHAEL H. BERNSTEIN, hereby certify and affirm that a true and correct copy of the attached **MEMORANDUM OF LAW** was served via overnight mail on this 9th day of October, 2007, upon the following:

>Abraham Wax, Esq.
>Abraham Wax, P.C.
>Attorney for Plaintiff
>750 Third Avenue
>New York, NY 10017

_____
MICHAEL H. BERNSTEIN (MB-0579)

Dated:   New York, New York
         October 9, 2007