| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC SERVICES,<br><br>                              Plaintiff,<br>       -against-<br><br>UNITED HEALTH CARE, ANCILLARY CARE MANAGEMENT, and THE CINTAS CORPORATION HEALTH PLAN,<br><br>                              Defendants.<br>------------------------------------------------------------------------X | INDEX NO.<br>07 CIV 5941 (LTS)<br><br>ECF CASE |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT UNITED HEALTHCARE'S MOTION TO REARGUE REMAND ORDER

ABRAHAM WAX, P.C.
Attorney for Plaintiff
750 Third Avenue - 29th Floor
New York, NY 10017
Tel: (212) 922-9004
Fax: (212) 922-9150

## *Table of Contents*

|  | *Page* |
|---|---|
| *PRELIMINARY STATEMENT*……………………………………… | 1 |

*POINT 1*

*THE MOTION TO REARGUE WAS REQUIRED TO BE MADE
10 DAYS AFTER THE REMAND ORDER WAS ENTERED*…………  2

*POINT 2*

*IT WAS NOT JUDGE SWAIN WHO MISINTERPRETED THE
LAW, IT WAS UNITED HEALTHCARE WHO DID THE
MISINTERPRETING*……………………………………………………  2

*POINT 3*

*THE ALLEGED "HEARSAY" STATEMENTS WERE
ADMISSIONS AND WERE SUPPORTED BY THE
DEFENDANTS OWN WEB SITE*…………………………………….  5

*POINT 4*

*THIS CASE WAS NOT REMOVABLE. THERE WAS NO
DIVERSITY. CAREMARK RX INC. AND ANCILLARY CARE
MANAGEMENT ARE BOTH CITIZENS OF DELAWARE,
HAVING BEEN ORGANIZED IN DELAWARE*……………………….  7

*CONCLUSION*………………………………………………………….  8

## *Table of Cases Cited*

|  | *Page* |
|---|---|
| ***Fashion Page, Ltd., v. Zurich Insurance Co.,*** 50 N.Y. 2d 265, 406 N.E. 2d 747, 428 N.Y.S. 2d 890………………………………… | 4 |
| ***Island Park Estates, LLC etc v. Reginald Brack,*** No. C-06-485 (S.D. Tex. 11/28/2006)………………………………………………… | 6 |
| ***Johnson v. Columbia Props. Anchorage, LP,*** 437 F. 3d 894, 899 (9th Circ 2006)………………………………………………………… | 6 |
| ***Old Republic Insurance Co., v. Pacific Financial Services of America, Inc.,*** 301 F.3d 54 (2d Cir. 08/22/02)………………………… | 4 |
| ***Opuna, LLC v. Sabbagh,*** 05-00488 (D.Haw. 08/15/2006)………… | 6 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
**INDEX NO.**
**07 CIV 5941 (LTS)**

**CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC SERVICES,**

                           **Plaintiff,**
    -against-

**UNITED HEALTH CARE, ANCILLARY CARE MANAGEMENT, and THE CINTAS CORPORATION HEALTH PLAN,**

                           **Defendants.**
------------------------------------------------------------------------X

**PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO REARGUE**

**PLAINTIFF'S BRIEF IN OPPOSITION TO THE MOTION TO REARGUE**

**PRELIMINARY STATEMENT:**

        **UNITED HEALTHCARE was required to move to reargue within 10 days. Instead it moved after 16 days. It did not even bother to request an enlargement of time to move. Its motion should be denied as untimely.**

        **UNITED HEALTHCARE argues that the Court in its granting remand failed to interpret the law properly. In fact, the Court did interpret the law properly. The affidavit of the process server clearly establishes a prima facie case for proper service. He acted reasonably in a manner calculated to give UNITED HEALTHCARE fair notice. UNITED HEALTHCARE does not deny that he acted reasonably, and in fact they actually got fair notice.**

        **UNITED HEALTHCARE maintains that it was hearsay statements that**

**1**

guided the process server. In fact, the "hearsay" statements were admissions, and guided the process server to the right place for service. The affidavits submitted by UNITED HEALTHCARE attempt to conceal the fact that UNITED HEALTHCARE is one large company (or group) located at the place where the service was made.

The case was not removable, because the plaintiff, and one of the defendants, ANCILLARY CARE MANAGEMENT, both reside in the State of Delaware, where they were organized. Thus, there is no diversity.

## POINT 1

## THE MOTION TO REARGUE WAS REQUIRED TO BE MADE 10 DAYS AFTER THE REMAND ORDER WAS ENTERED

I believe a motion to reargue must be made within 10 days. This motion was made after 16 days. The order to remand was entered on September 24, 2007. The motion for reargument was served on October 10, 2007, 16 days later. UNITED HEALTHCARE has failed to request an enlargement of time. Also, oral argument has been requested, although I believe there is no oral argument in a motion to reargue.

## POINT 2

## IT WAS NOT JUDGE SWAIN WHO MISINTERPRETED THE LAW, IT WAS UNITED HEALTHCARE WHO DID THE MISINTERPRETING

Further, it appears that it was not the Court that misinterpreted the New York State and the Federal Rules concerning proper service of process on a corporation. In fact, it was UNITED HEALTHCARE which misinterpreted these rules.

2

Under the cases which have interpreted the rules of service of process, the Courts have declared that the affidavit of the process server establishes a prima facie case, as occurred in this case. UNITED HEALTHCARE has failed to contradict his affidavit. The United Health Care website clearly shows that this defendant is located at No. 1 Penn Plaza and No. 2 Penn Plaza. The process server went to No. 2 Penn Plaza, as this office directed him, and there he was directed to No. 1 Penn Plaza. There he was directed to the 8th floor, where he made service on a lady named NELMIRA GARNES. THAT SERVICE DID REACH UNITED HEALTHCARE a day or so later.

Thus, although it is clear from the web site that United HealthCare maintains an office at No. 1 Penn Plaza and at No. 2 Penn Plaza, Ms Fairley actually swore that UHI does not have an office at No. 1 Penn Plaza, but that United HealthCare Insurance Company of New York does have an office at No. 1 Penn Plaza. They do not explain the relationship between UHI and United HealthCare Insurance Company of New York. Nor did she deny that Ms Nelmira Garnes is employed by United HealthCare Insurance Company of New York.

If the process server's affidavit establishes a prima facie case, then it is not contradicted by an employee of United HealthCare Insurance Company who admits that United HealthCare Insurance Company of New York occupies the space where the process service was made. Nothing is set forth about the relationship of UHI and the New York subsidiary. UHI had the opportunity to set forth that relationship. Under these circumstances the process server acted reasonably in making service. He was directed

3

to the proper place. He made service there. He is not expected to conduct a full investigation to determine the corporate relationships. "As long as the process server's reliance on corporate personnel is reasonable, the defendant may not later complain that it lacked notice even if the complaint was mistakenly delivered to a person who was not authorized to accept service." *Old Republic Insurance Co., v. Pacific Financial Services of America, Inc., 301 F.3d 54 (2d Cir. 08/22/02).*

In our case, Judge Swain stated, on P. 3 of her opinion, "(service proper when process server reasonably relied on representation of one with apparent authority.)" referring to *Fashion Page, Ltd., v. Zurich Insurance Co., 50 N.Y. 2d 265, 406 N.E. 2d 747, 428 N.Y.S. 2d 890.* The process server cannot be expected to know the corporation's internal practices. The *Fashion* court went on to say at the very end of P. 272:

> ". . . if service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained (cf. McDonald v. Amers Supply Co. 22 NY 2d 111; see also, Belofatto v. Marsen Realty Corp. 62 Misc 2d 922)".

The United HealthCare web site showed that it has offices at No. 1 and No. 2 Penn Plaza. The process server went to one place, and was directed to the other place. There he was directed to the 8th floor. On the 8th floor he served the papers. What he did was calculated to give UHI fair notice of the summons and complaint. In fact, the summons and complaint did reach UHI. This was Judge Swain's take on the service. Judge Swain did not misinterpret the law, it was counsel who misinterpreted the law as it evolved. Now counsel is seeking "another bite at the apple".

4

## POINT 3

## THE ALLEGED "HEARSAY" STATEMENTS WERE ADMISSIONS AND WERE SUPPORTED BY THE DEFENDANTS OWN WEB SITE

Defendants allege that the Court relied on "hearsay" statements, and therefore there should be reargument. This argument is not worthy of either defendant or its law firm.

To begin with, defendant admits that United Health Care Insurance Company of New York does occupy No.1 Penn Plaza (Ms Fairey's affidavit, Par 3). Defendants have admitted that United Healthcare Insurance is an affiliate of United Healthcare and that they all are members of the United Healthcare Group. The United Healthcare website shows UHI at both addresses, No. 1 and No. 2 Penn Plaza. If a United Health Care employee stated that she was authorized to receive the papers, that certainly would be an admission. And, even if it was "hearsay", it certainly was reliable, because United HealthCare certainly did receive the papers a day or so later. The website invites the public to contact United HealthCare at those addresses. The Court in its decision mentions the website. And, defendant fails to deny that service was made at an address listed in the United HealthCare website.

The other instance of "hearsay" cited by defendant is that the doorman directed the process server to No. 1 Penn Plaza. Again, the Court in its decision points out that the website gives No. 1 and No. 2 Penn Plaza as the addresses where United HealthCare invites the public to contact them. Also, the New York State Insurance department lists United Health Care Insurance Co. of New York as a part of United

5

Health Group. United HealthCare did file a DISCLOSURE OF INTERESTED PARTIES, in which it stated that United Healthcare Insurance Company (UHI) is a wholly owned subsidiary of United Health Group. It is interesting that although they admit that United Health Group owns all of United Healthcare Insurance Company (UHI) and all of United Health Care Insurance Co. of New York (listed in the Insurance Department of New York State), the defendant fails even to mention in their affidavits, and evidence, that there is a United Health Group.

It appears then that the Court was not fooled. She did not fail to regard any relevant evidence or relevant law. Nor did she rely on any incompetent evidence.

## POINT 4

### THIS CASE WAS NOT REMOVABLE. THERE WAS NO DIVERSITY. CAREMARK RX INC. AND ANCILLARY CARE MANAGEMENT ARE BOTH CITIZENS OF DELAWARE, HAVING BEEN ORGANIZED IN DELAWARE.

We pointed out in our letter to the Court dated September 5, 2007, Par. 3, that Caremark, Inc. (California) was merged into Caremark, LLC. (California), and that Caremark, LLC. is a wholly owned subsidiary of Caremark RX LLC, (Delaware). Since the LLC members of the California LLC are the owners, Caremark RX LLC, (Delaware), for the purposes of diversity, Caremark, LLC (California) have the residence of Delaware. *Opuna, LLC v. Sabbagh*, 05-00488 (D.Haw. 08/15/2006); *Johnson v Columbia Props. Anchorage, LP*, 437 F. 3d 894, 899 (9th Circ 2006); *Island Park Estates, LLC etc v. Reginald Brack,* No. C-06-485 (S.D. Tex. 11/28/2006); and since Ancilary Care Management is a Delaware corporation, then there is no diversity, as one

6

of the defendants (Ancilary) and the plaintiff are both residents of Delaware. The LLCs of the plaintiff were all organized before the action was begun. Thus, there is no diversity no matter when United HealthCare learned the facts of diversity.

**CONCLUSION:**

UHI filed their motion to reargue too late. But even if there motion was timely, the Court did not misinterpret any law or any of the facts. The summons was served at an address listed by UHI in its web site. The summons went to right place. The Court did not rely on any hearsay - the process server received the proper address by way of admission, and where UHI held itself out as being located. Further, there was no diversity.

Dated: New York, New York
      October 22, 2007

                                  Respectfully submitted,

                                  Abraham Wax, P.C.
                                  Attorneys for Plaintiff

By:   _____
       Abraham Wax, Esq.
       750 Third Avenue - 29th Floor
       New York, NY 10017
       Tel: (212) 922-9004
       Fax: (212) 922-9150

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                          INDEX NO.
-------------------------------------------------------------------------X   07 CIV 5941 (LTS)

CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC
SERVICES,

                        Plaintiff,                                **AFFIRMATION**
    -against-                                                                  <u>**OF SERVICE**</u>

UNITED HEALTH CARE, ANCILLARY CARE
MANAGEMENT, and THE CINTAS CORPORATION
HEALTH PLAN,

                        Defendants.
-------------------------------------------------------------------------X

STATE OF NEW YORK )
COUNTY OF NEW YORK) SS:

       ABRAHAM WAX, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

       On October 22, 2007, I served the within BRIEF IN OPPOSITION TO MOTION TO REARGUE REMAND ORDER in the following manner:

       By transmitting a true copy thereof via facsimile to: John T. Seybert, Esq., attorney for defendant United Health Care at (212) 422-0925, and by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository of the United States Postal Service within the State of New York, addressed to the persons set forth below at the last known address set forth after each name.

Dated: New York, New York
       October 22, 2007

                                                    /s/
                                         _____
                                         **Abraham Wax**

**TO:**   **John T. Seybert, Esq.**
**SEDGWICK, DETERT, MORAN & ARNOLD, LLP**
**Attorneys for Defendant**
**United Health Care**
**125 Broad Street - 39th Floor**
**New York, NY 10004**

9