UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAREMARK, INC., d/b/a CAREMARK THERAPEUTIC    Civil Action No.:
SERVICES,                                                                          07 Civ. 5941 (LTS) (FM)

                                Plaintiffs,

   -against-                                                                    **ORAL ARGUMENT &**
                                                           **EVIDENTIARY HEARING**
UNITED HEALTH CARE, ANCILLARY CARE             **REQUESTED**
MANAGEMENT, and THE CINTAS CORPORATION
HEALTH PLAN,
                                Defendants.
------------------------------------------------------------------------X

# DEFENDANT UNITED HEALTHCARE INSURANCE COMPANY'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF MOTION TO REARGUE REMAND ORDER

                                                          SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                                          125 Broad Street, 39th Floor
                                                        New York, New York 10004
                                                         (212) 422-0202 telephone
                                                        (212) 422-0925 facsimile

                                                        *Attorneys for Defendant*
                                                         United HealthCare Insurance Company i/s/a
                                                         United Health Care

Of Counsel:
    Michael H. Bernstein, Esq.
    John T. Seybert, Esq.

TABLE OF CONTENTS

Page

TABLE OF AUTHORITY ................................................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................................... 1

ARGUMENT ..................................................................................................................................... 1

    POINT I
    UHI'S MOTION TO REARGUE IS TIMELY ................................................................. 1

    POINT II
    PLAINTIFF DID NOT PROPERLY SERVE UHI ........................................................... 2

    POINT III
    PLAINTIFF'S PROCESS SERVER'S AFFIDAVITS DO NOT SUPPORT A
    FINDING OF PROPER SERVICE ON UHI AND CONTAIN INADMISSIBLE
    HEARSAY .......................................................................................................................... 6

    POINT IV
    UHI TIMELY SERVED AN AMENDED NOTICE OF REMOVAL BASED ON
    DIVERSITY OF CITIZENSHIP ........................................................................................ 9

CONCLUSION ................................................................................................................................ 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Erie Railroad Co. v. Tompkins*,
304 U.S. 64 (1938)..................................................................................................................4

*Exodus Partners, LLC v. Cooke*,
No. 04 Civ. 10239 (GEL), 2007 WL 120053 (S.D.N.Y. Jan. 17, 2007) .........................................9

*Jiao v. First Int'l Travel, Inc.*,
No. 03 Civ. 0165(DF), 2004 WL 1737715 (S.D.N.Y. Aug. 4, 2004) ...........................................3

*Kwan v. Schlein*,
441 F. Supp. 2d 491 (S.D.N.Y. 2006)......................................................................................3

*Pope v. Rice*,
No. 04 Civ. 4171(DLC), 2005 WL 613085 (S.D.N.Y. Mar. 14, 2005)..........................................7

### STATE CASES

*Fashion Page, Ltd. v. Zurich Ins. Co.*,
50 N.Y.2d 265, 428 N.Y.S.2d 890 (N.Y. 1980) ........................................................................4

*McDonald v. Ames Supply Co.*,
22 N.Y.2d 111, 291 N.Y.S.2d 328 (N.Y. 1968) ....................................................................3, 4

*In re Pullo*,
224 A.D.2d 698, 638 N.Y.S.2d 743 (2d Dep't 1996)..................................................................7

### FEDERAL STATUTES & RULES

28 U.S.C. §1446(b) ................................................................................................................9, 10

FED. R. CIV. PROC. 4(m) ...........................................................................................................9

FED. R. CIV. PROC. 6(a) ............................................................................................................1

FED. R. EVID. 801(d)(2).............................................................................................................8

FED. R. EVID. 802.....................................................................................................................8

LOCAL CIV. R.. 6.3 ...............................................................................................................1, 6

## STATE STATUTES & RULES

N.Y. Bus. Corp. Law §306(b)(1)..................................................................................................2

N.Y. C.P.L.R. §306-b...................................................................................................................9

N.Y. C.P.L.R. §311(a)(1)..............................................................................................2, 3, 5, 6, 8

## TREATISE

2 Jack B. Weinstein, Harold L. Korn & Arthur R. Miller,
N.Y. Civil Practice: C.P.L.R., ¶311.01(2d ed. 2007) ...................................................................2

**PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted on behalf of defendant United Healthcare Insurance Company, Inc. incorrectly sued herein as United Healthcare ("UHI") in reply to plaintiff's opposition to UHI's motion to reargue the Order granting plaintiff's motion to remand this action to state court.

**ARGUMENT**

**POINT I**

**UHI'S MOTION TO REARGUE IS TIMELY**

Plaintiff mistakenly claims that UHI failed to timely file its motion to reargue because it was filed "16 days" after the Remand Order had been issued.  Although plaintiff is correct that the time to file a motion to reargue is ten days from the date of the Order (*See* LOCAL CIV. R. 6.3), it completely ignores two fundamental controlling rules set forth in Rule 6(a), FED. R. CIV. PROC., as to how to compute the ten days.

First, plaintiff incorrectly included the date the Remand Order was issued, September 24, 2007.[1]  Second, plaintiff incorrectly included intervening weekends and October 8, 2007, Columbus Day, which is a legal holiday.[2]  The only days that should be counted in computing the time to file the motion are: September 25, 26, 27 and 28 and October 1, 2, 3, 4, 5 and 9.  Consequently, UHI timely filed its motion to reargue on October 9, 2007 - the tenth day following the entry of the Court's initial remand Order on September 24, 2007 - in compliance with Rule 6.3 of the Local Civil Rules for the Eastern and Southern Districts of New York and Rule 6(a), FED. R. CIV. PROC.

---

[1] Rule 6(a), states that "[i]n computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."

[2] Rule 6(a) states "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

## POINT II

## PLAINTIFF DID NOT PROPERLY SERVE UHI

The facts presented regarding service establish unequivocally that UHI was not properly served. Plaintiff's process server claims to have served "Nelmira Garnes." (Docket No. 8). UHI established that Ms. Garnes is not an employee of UHI, nor is she a person authorized to accept service of process on behalf of UHI. (Docket No. 17-7, ¶¶4, 6). Thus, even if the Court accepts that plaintiff's process server delivered the Summons to Ms. Garnes, this does not demonstrate effective service on UHI pursuant to governing New York State law. Plaintiff has yet to provide this Court with any authority to support its argument that a person who has no relationship to the defendant corporation and is not otherwise authorized to accept service can nonetheless, accept service of process on the corporation's behalf.

To the contrary, N.Y. C.P.L.R. §311(a) establishes that the purported service of the Summons on Ms. Garnes was not proper service on UHI. "[P]ersonal service upon a corporation . . . shall be made by delivering the summons . . . to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to accept service." N.Y. C.P.L.R. §311(a). "[I]n order to ensure that a corporation has adequate notice of the commencement of a suit against it, service on the corporation will be deemed valid only when personal delivery is made to one of the designees indicated in C.P.L.R. §311(a)(1)."[3] Plaintiff failed to serve UHI's authorized agents for service of process in New York.[4]

To avoid denial of its remand motion on reargument, plaintiff argues that this Court should not reconsider its findings because: (1) UHI received the Summons, regardless of how it was served

---

[3] 2 JACK B. WEINSTEIN, HAROLD L. KORN & ARTHUR R. MILLER, N.Y. CIVIL PRACTICE: C.P.L.R., ¶311.01, at 3-371 (2d ed. 2007).

[4] UHI designated CT Corporation as its agent for service of process in New York. (Docket No. 17-7, ¶¶3, 6). By statute, N.Y. BUS. CORP. LAW §306(b)(1), the Secretary of State is also an authorized agent for service of process. Neither CT Corporation nor the Secretary of State were served with the Summons and Complaint directed to UHI.

and (2) an entity affiliated with UHI maintained an office at the same address where the Summons was served. (Docket No. 27, at p. 3). Neither argument can overcome the flaws in service of process or plaintiff's failure to adhere to New York State law concerning service of process on a foreign corporation.

Plaintiff's argument that the Court should deny UHI's motion because "service did reach United Healthcare a day or so later" has been consistently rejected by New York courts.[5] In *McDonald* v. *Ames Supply Co.*, 22 N.Y.2d 111, 291 N.Y.S.2d 328 (N.Y. 1968), the New York Court of Appeals soundly rejected the same argument that plaintiff makes concerning UHI's receipt of the pleadings. In *McDonald*, plaintiff's process server testified that he effectuated service of process on the defendant corporation by serving a sales manager. The sales manager's testimony at a hearing, however, established that he received the Summons from the building receptionist. The building receptionist was not employed by the third-party corporation nor was she authorized to accept service of process for the defendant corporation. The New York Court of Appeals rejected plaintiff's arguments that service should be deemed valid under C.P.L.R. §311(a)(1). In doing so, the court noted, "[n]umerous authorities hold that personal delivery of a summons to the wrong person does not constitute valid service even though the summons shortly comes into possession of the party to be served." *Id.* at 114-15, 291 N.Y.S.2d at 331. The court also noted that although the process server delivered the Summons to the correct office, he failed to ascertain whether the building receptionist was an employee of the defendant corporation. The New York Court of Appeals held, "[t]o sustain such service would encourage carelessness, or worse, thus increasing the risk of default by parties who in fact fail to receive the summons." *Id.* at 116, 291 N.Y.S.2d at 332.

---

[5] *See Kwan* v. *Schlein*, 441 F. Supp. 2d 491, 496-97 (S.D.N.Y. 2006) (finding that service on director of customer service of defendant corporation was not good service even though corporation received summons); *Jiao* v. *First Int'l Travel, Inc.*, No. 03 Civ. 0165(DF), 2004 WL 1737715 (S.D.N.Y. Aug. 4, 2004) (service on part-time receptionist was not proper).

The New York Court of Appeals' reasoning in *McDonald* is binding on this Court. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938). In the matter *sub judice*, there is similarly no evidence that the process server, Charles Mon, ever questioned Nelmira Garnes as to whether she was an employee of UHI or otherwise authorized to accept service for UHI. All that Mr. Mon provided in his affidavit was that he delivered the Summons to the "GENERAL AGENT, NELMIRA GARNES AUTHORIZED TO ACCEPT ON BEHALF of the corporation." (Docket No. 8). The only distinctions between the facts in *McDonald* and this case are that: (1) a hearing was held in *McDonald* to determine the disputed facts and (2) the summons was delivered to an actual office of the defendant corporation. Here, neither of these facts is true, which provides all the more reason to grant UHI's motion for reargument.

Oddly, plaintiff claims that because UHI received the Summons, albeit "a day or so later," the Court should find that service was effectuated on May 22, 2007, the date on which plaintiff claims service was made, rather than May 24, 2007, the date UHI received a copy of the Summons and Complaint. (Docket Nos. 1, 14). Plaintiff's result-oriented argument is designed to keep this matter from being heard in federal court, but has no legal or factual support. UHI is entitled to receive the Summons simultaneously with service.[6] Plaintiff has offered no reasonable basis to insist that May 22, 2007 is the proper date of UHI's receipt of Summons (other than his defective service of process) over May 24, 2007, the date UHI's records indicate it received the Summons. UHI's removal is indisputably timely if the Court rules that the date of actual receipt is the date triggering UHI's obligation to remove, leaving aside questions about whether UHI was properly served with process in the first place.

Plaintiff's second argument for denial of UHI's motion for reargument is equally unavailing because plaintiff again asks this Court to expand the list of persons who can be served pursuant to

---

[6] *See Fashion Page, Ltd.* v. *Zurich Ins. Co.*, 50 N.Y.2d 265, 271-72, 428 N.Y.S.2d 890, 893 (N.Y. 1980).

4

N.Y. C.P.L.R. §311(a)(1) beyond permissible limits. Plaintiff argues that because its process server delivered a copy of the Summons to United Healthcare Insurance Company of New York, Inc.'s ("UHI NY") office and because UHI later received a copy of the Summons, its service should be deemed effected on May 22, 2007. Again, plaintiff does not provide any legal support for this theory.

UHI NY is not a party to this action. Plaintiff was notified by the Explanation of Benefits form that UHI administered the self-funded co-defendant Cintas Corporation Health Plan (the "Plan"). (Docket No. 22-2, Ex. "4"). Plaintiff ignored this undisputed, unequivocal fact and instead took an over-simplistic view of UHI based upon plaintiff's counsel's "15 years of dealing in cases in the health care field." (Docket No. 18, ¶2). The result of this failure to observe the obvious is that plaintiff commenced this action against "United Health Care." (*Id.*). But "United Health Care" is not a legal entity having anything to do with the actual parties involved in the underlying transactions. Thus, plaintiff unilaterally decided that service on any entity with a similar sounding name is sufficient service on UHI. Not only does plaintiff's behavior demonstrate extraordinary laziness in investigating the proper party to be sued in this matter, but this laziness carried through to plaintiff's attempts at service. N.Y. C.P.L.R. §311(a)(1) does not permit plaintiff to proceed in this fashion.

Plaintiff's arguments are nothing more than excuses for its lack of diligence in determining the proper party to sue. Plaintiff has proffered no reasonable basis to explain why it did not serve UHI's designated agent for service of process in New York, CT Corporation, or its statutory agent, the Secretary of State – either of which would have legally effected service of process on UHI. Plaintiff's silence on this issue is particularly telling, since it chose to serve the co-defendant Plan

5

through the Secretary of State. (Docket No. 22-2, Ex. "4"). Thus, plaintiff obviously was aware it could have served UHI in this fashion, but still failed to do so.

Plaintiff did not properly effectuate service of process on UHI because it served a person who has no relation to UHI. All of plaintiff's arguments are an attempt to explain and justify this invalid service based on the mere fortuity that UHI eventually received a copy of Summons.[7] Plaintiff, however, undeniably did not comply with C.P.L.R. §311(a)(1) and, therefore, service on UHI was not valid. Consequently, the Court should grant UHI's motion to reargue and upon reconsideration, deny plaintiff's motion to remand. At the very least, the Court should conduct an evidentiary hearing on the issue of service on UHI.[8]

## POINT III

### PLAINTIFF'S PROCESS SERVER'S AFFIDAVITS DO NOT SUPPORT A FINDING OF PROPER SERVICE ON UHI AND CONTAIN INADMISSIBLE HEARSAY

Plaintiff argues that the Court correctly interpreted plaintiff's process server's Affidavits of Service, finding that it may be read to state that "a woman named Nelmira Garnes[] informed [the process server] that she was authorized to accept service of the summons and complaint on behalf of United Health Care." (Docket No. 24, at 2). Plaintiff also argues that although this statement is hearsay, it is admissible as an admission against interest. All of plaintiff's arguments, however, are wrong on the law.

Initially, the process server never states in his affidavit of service that Ms. Garnes told him she was authorized to accept service of the summons on behalf of UHI. Mr. Mon states that "the

---

[7] To this date, it is not known whether the summons and complaint UHI eventually received is the same one plaintiff's process server claims to have served upon Nelmira Garnes.

[8] Plaintiff's counsel claims "I believe there is no oral argument in a motion to reargue." No such prohibition exists under Rule 6.3 of the Local Rules. To the contrary the rule allows the Court to entertain oral argument at its discretion. It is respectfully submitted that oral argument would be beneficial to the Court to allow the parties to address any misunderstandings the initial papers may have created.

deponent knew the person so served to be the GENERAL AGENT, NELMIRA GARNES AUTHORIZED TO ACCEPT ON BEHALF of the corporation." (Docket No. 8). This statement has been held insufficient to establish that service was properly effected when the defendant corporation demonstrates the person served does not have such authority.[9] In *Pope* v. *Rice*, No. 04 Civ. 4171(DLC), 2005 WL 613085 (S.D.N.Y. Mar. 14, 2005), this Court rejected a similarly worded affidavit of service on the grounds that it did not establish service upon a proper agent for the defendant corporation. The process server delivered the Summons to the receptionist of the defendant corporation and stated in his affidavit of service that he had made "Corporate Service by serving the Authorized Agent 'Danielle Kinney.'" *Id.* at *13. The court held that:

> The process server's declaration's bald characterization of the receptionist as "the Authorized Agent" with no further support is not sufficient to find effective service, particularly where it is the plaintiff's burden to demonstrate compliance with the law, and where there is an affidavit from the defendants indicating that the receptionist has never been, and in practice is not, authorized to accept service.

*Id.* at *15.

The matter *sub judice* presents the same material facts as the *Pope* case, except that in this case, plaintiff indisputably served a person who was not even employed by UHI. Moreover, plaintiff's conjecture and supposition that Ms. Garnes was employed by an affiliated company of UHI is without any factual support. Ms. Garnes is not employed by any entity affiliated with UHI.[10] UHI did not need to identify every affiliated entity of UHI and state whether Ms. Garnes was employed, because this information is not relevant. The important material point here is that Ms. Garnes is not employed by UHI (the defendant in this action) and is not otherwise authorized to accept service for UHI. The only persons who are statutorily authorized to receive service of process

---

[9]  *See In re Pullo*, 224 A.D.2d 698, 638 N.Y.S.2d 743 (2d Dep't 1996).

[10]  To the extent the Court wishes to entertain this issue, UHI is willing to present a further affidavit or live testimony at a hearing to demonstrate that Ms. Garnes was not employed by UHI or any other affiliated entity. The Court, however, did not reach this conclusion in the Remand Order, and plaintiff did not raise this issue until its opposition to the motion to reargue.

on behalf of a corporation are "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to accept service." N.Y. C.P.L.R. §311(a)(1). Ms. Garnes is not any of these for UHI.

Plaintiff's second argument is that any hearsay statement made by Ms. Garnes to the process server is admissible as an admission by UHI. Plaintiff's circular argument, however, is fatally flawed because it is premised upon the false assumption that Ms. Garnes is an employee of UHI. (Docket No. 27, at p. 5 ("If a United Health Care employee stated that she was authorized to receive papers, that certainly would be an admission.")). Again, UHI demonstrated, with unrebutted proof, that Ms. Garnes is <u>not</u> a UHI employee. Consequently, no statements by Ms. Garnes can possibly constitute an admission by UHI. FED. R. EVID. 801(d)(2).

Plaintiff's argument for admissibility of the hearsay statements attributed to the unidentified doorman at Two Penn Plaza ("the defendant is not at this location and that they are located at One Penn Plaza, New York, NY") is not based upon any cognizable hearsay exception. Plaintiff's *ipse dixit* is manifestly insufficient to overcome the serious reliability issues preventing the Court's consideration of such hearsay evidence. The Court must therefore not consider it in any respect. FED. R. EVID. 802.

Accordingly, plaintiff's arguments concerning the Affidavit of Service and the admissibility of several hearsay statements it contains must be rejected. It is respectfully submitted, that the Court should reconsider its findings in light of this motion and deny plaintiff's motion to remand. Again, at the very least, the Court should conduct an evidentiary hearing.

8

# POINT IV

## UHI TIMELY SERVED AN AMENDED NOTICE OF REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

Upon discerning facts demonstrating the existence of federal jurisdiction based on diversity of citizenship of all parties, UHI timely filed its Amended Notice of Removal to assert this additional basis for federal court jurisdiction. In its Remand Order, the Court concluded that defendant may only remove the action if the removal is "premised on an[] amended pleading or other paper served by the Plaintiff." (Docket No. 24, at 3). In its motion to reargue, UHI argued that the Court's interpretation of 28 U.S.C. §1446(b) was too narrow. UHI argued that a fair reading of the statutory text permits it to remove the action upon independent research as to the citizenship of the parties.

Plaintiff has not opposed UHI's arguments and has therefore conceded the point. *See Exodus Partners, LLC* v. *Cooke*, No. 04 Civ. 10239 (GEL), 2007 WL 120053, *14 (S.D.N.Y. Jan. 17, 2007). Moreover, plaintiff never argued for such an interpretation in its motion to remand. Consequently, this Court should reconsider its interpretation of the statute and find that UHI timely and properly filed its Amended Notice of Removal.

Plaintiff's only opposition to federal diversity jurisdiction is premised on its claim that plaintiff and co-defendant Ancillary Care Management ("Ancillary") share Delaware citizenship. UHI disputed this as factually incorrect, especially because plaintiff had previously made different factual statements to the federal government and to this court in a prior action. (Docket No. 22-2, Exs. "1" & "2"). Plaintiff's arguments in opposition to UHI's motion to reargue are even less reliable because it has failed to provide evidence that it timely served Ancillary with the Summons and Complaint in this action, and plaintiff's time to effect service has long-since run.[11]

---

[11] This action was commenced May 9, 2007. Under both the Federal Rules of Civil Procedure and the New York Civil Practice Law & Rules, a plaintiff has 120 days to serve a party from the date the action was commenced. *See* FED. R. CIV. PROC. 4(m); N.Y. C.P.L.R. §306-b. That time ended no later than September 9, 2007. Plaintiff notified the Court

9

Consequently, Ancillary's citizenship is of no relevance to this Court's analysis of its subject matter jurisdiction.

Since plaintiff does not dispute UHI's interpretation of 28 U.S.C. §1446(b), and because diversity of citizenship exists to warrant federal jurisdiction, this Court should grant UHI's motion to reargue and deny plaintiff's motion to remand on the grounds that UHI timely and properly removed this action on diversity of citizenship grounds.

## CONCLUSION

For the foregoing reasons, the reasons set forth in UHI's motion to reargue and its original opposition to plaintiff's motion to remand, its is respectfully requested that this Court reconsider its Order Granting Motion To Remand (Docket No. 24) and upon so doing, deny plaintiff's motion to remand. Alternatively, the Court should schedule an evidentiary hearing on the issue of service of process on UHI.

Dated: New York, New York
October 29, 2007

        Respectfully submitted,
        SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:  s/
Michael H. Bernstein (MB-0579)
John T. Seybert (JS-5014)
*Attorneys for Defendant*
**UNITED HEALTHCARE INSURANCE COMPANY
i/s/a UNITED HEALTH CARE**
125 Broad Street - 39th Floor
New York, New York 10004-2400
(212) 422-0202 telephone
(212) 422-0925 facsimile

---

by letter dated September 5, 2007 that "the failure to serve Ancillary was an oversight and we have taken steps to have them served."

10

CERTIFICATE OF SERVICE

I, MICHAEL H. BERNSTEIN, hereby certify and affirm that a true and correct copy of the attached **MEMORANDUM OF LAW** was served *via ECF* and *Overnight Mail* on this 29th day of October, 2007, upon the following:

>Abraham Wax, Esq.
>Abraham Wax, P.C.
>*Attorney for Plaintiff*
>750 Third Avenue
>New York, NY 10017
>Telephone: (212) 922-9004

s/
MICHAEL H. BERNSTEIN (MB-0579)

Dated: New York, New York
October 29, 2007

NY/512765v1