UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CAREMARK, INC., d/b/a CAREMARK
THERAPEUTIC SERVICES,

        Plaintiff,

    -v-                                No.  07 Civ. 5941 (LTS)(FM)

UNITED HEALTH CARE, ANCILLARY
CARE MANAGEMENT, and THE CINTAS
CORPORATION HEALTH PLAN,

        Defendants.

-----------------------------------------------------------x

### ORDER

Before the Court is the motion of United HealthCare Insurance Co. ("UHI"),[1] filed

on October 9, 2007, for reconsideration of the Court's September 24, 2007, Order granting

Plaintiff's motion to remand the above-captioned action to state court pursuant to 28 U.S.C. §

1447(c).

A movant for reconsideration bears the heavy burden of demonstrating that there has

been an intervening change of controlling law, that new evidence has become available, or that

there is a need to correct a clear error or prevent manifest injustice. Virgin Airways v. Nat'l

Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted); see also Fed. R. Civ. P.

60(b); S.D.N.Y. Local Civil Rule 6.3.

As a preliminary matter, Plaintiff argues that UHI's motion for reconsideration is

untimely.  Rule 6.3 of the Local Civil Rules for the Southern District of New York requires that a

---

[1]      UHI asserts that it, rather than United Health Care, is the proper defendant in this suit.

motion for reconsideration be filed within ten days after the entry of the court's determination of the

original motion. Rule 6(a) of the Federal Rules of Civil Procedure provides that, "[w]hen the period

of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal

holidays shall be excluded in the computation," and that the day of the event from which the

designated period of time begins to run shall not be included in the computation of time. The Court

granted Plaintiff's motion to remand on September 24, 2007, and UHI filed this motion on October 9,

2007. Excluding the intermediate weekends and Columbus Day (October 8, 2007) from the

computation of time, UHI filed this motion within ten days of the order to remand. Therefore, UHI's

motion is timely.

However, because the Court finds that UHI identifies no intervening change of

controlling law or new evidence warranting reconsideration of the Court's September 24, 2007,

decision and that no clear error or manifest injustice is present, UHI's motion for reconsideration is

denied.

UHI argues that the Court erred in finding that service on Defendant United Health

Care was proper. In its original motion papers, Plaintiff submitted an affidavit of service averring

that on May 22, 2007, on the 8th Floor of One Penn Plaza, New York, New York, 10121, papers

were served on a Nelmira Garnes who was identified as the General Agent of United Health Care.

(Docket Entry No. 11, Ex. A.) Defendant responded with a declaration that Ms. Garnes was not an

employee of UHI. (Decl. of Mabel Suzanne Fairley, Docket Entry No. 17.) UHI did not deny that

Ms. Garnes was an employee of the named defendant. Nor did the affidavit submitted by UHI deny

any of the specific facts concerning the method of service averred to by the process server through

his affidavit. See Old Republic Ins. Co v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57-58 (2d Cir.

2002) (process server affidavit establishes prima facie case of the account of the method of service,

and specific factual rebuttals beyond mere denials of employment are required to warrant

evidentiary hearing).  Therefore, there is no clear error of law in the Court's finding that service was

proper in this case.

UHI next argues that the Court incorrectly interpreted 28 U.S.C. § 1446(b).  That

provision permits a party to file a notice of removal, where the case framed by the initial pleading is

not removable, "within thirty days after receipt by the defendant, through service or otherwise, of a

copy of an amended pleading, motion, order or other paper from which it may first be ascertained

that the case is one which is or has become removable . . .".  UHI filed an amended notice of

removal on July 17, 2007, asserting diversity as a new grounds for federal jurisdiction, on the basis

of a "claim file obtained on July 10, 2007 along with additional research." (Docket Entry No. 16.)[2]

The Court found UHI's motion to be untimely, because it was not "premised on any amended

pleading or other paper served by the Plaintiff." (Docket Entry No. 24 at 3.)

UHI argues that the material upon which a party relies as a basis for removal need

not be obtained from the plaintiff, citing, In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab.

Litig., No. 1:00-1898, 2006 WL 1004725, at *3 n. 40 (S.D.N.Y. Apr. 17, 2006), Gilardi v.

Atchison, Topeka & Santa Fe Railway Co., 189 F. Supp. 82, 84 (N.D. Ill. 1960) and Lovern v. Gen.

Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997).  However, as those decisions are not binding on

this Court, the Court finds no clear error of law.[3]  Even if § 1446(b) does not require that the new

---

[2]    Plaintiff's original complaint was silent as to the citizenship of the above-captioned parties.

[3]    Other decisions constituting persuasive authority appear to take a position contrary to that of UHI.  See, e.g, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996); Martropico Compania Naviera S.A. v. Pertamina, 428 F. Supp. 1035, 1038 (S.D.N.Y. 1977); White v. Hughes, 409 F. Supp. 1005, 1008 (W.D. Tenn. 1975).

grounds for removal be found in materials furnished by the plaintiff, UHI cites no authority whatsoever clearly holding that the information relied upon by UHI, its own claim file and unspecified "additional research" -- would constitute the "other paper" required by § 1446(b). See In re MTBE, 2006 WL 1004725, at *3 n. 40 ("depositions, answers to interrogatories, and requests for admissions, amendments to ad damnum clauses of the pleadings, and correspondence between the parties and their attorneys or between the attorneys are usually accepted as 'other paper'") (citation omitted). Therefore, the Court finds no clear error of law in its finding that UHI's amended notice of removal was untimely. Accordingly, UHI's request for reconsideration of the Court's conclusion as to its diversity jurisdiction arguments is denied.

For the foregoing reasons, UHI's motion for reconsideration is denied. The Clerk of Court is respectfully requested to terminate Docket Entry No. 25.

SO ORDERED.

Dated:        New York, New York
              November 15, 2007

                                          _____
                                          LAURA TAYLOR SWAIN
                                          United States District Judge